# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---

In re:                                                              : Chapter 11
                                                                    :
FREEDOM COMMUNICATIONS HOLDINGS,      : Case No. 09-_____ (___)
INC.,                                                               :
                                                                    :
       Debtor.                          :

---

In re:                                                              : Chapter 11
                                                                    :
FREEDOM COMMUNICATIONS, INC.,              : Case No. 09-_____ (___)
                                                                    :
       Debtor.                          :

---

In re:                                                              :
                                                                    : Chapter 11
FREEDOM BROADCASTING, INC.,                 :
                                                                    : Case No. 09-_____ (___)
       Debtor.                          :

---

In re:                                                              :
                                                                    : Chapter 11
FREEDOM BROADCASTING OF FLORIDA,       :
INC.,                                                               : Case No. 09-_____ (___)
       Debtor.                          :

---

In re:                                                              :
                                                                    : Chapter 11
FREEDOM BROADCASTING OF FLORIDA      :
LICENSEE, L.L.C.,                                            :
                                                                    : Case No. 09-_____ (___)
       Debtor.                          :

---

| | |
|---|---|
| In re:<br><br>FREEDOM BROADCASTING OF MICHIGAN, INC.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br><br>FREEDOM BROADCASTING OF MICHIGAN LICENSEE, L.L.C.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br><br>FREEDOM BROADCASTING OF NEW YORK, INC.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br><br>FREEDOM BROADCASTING OF NEW YORK LICENSEE, L.L.C.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br><br>FREEDOM BROADCASTING OF OREGON, INC.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br><br>FREEDOM BROADCASTING OF OREGON LICENSEE, L.L.C.,<br><br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |

DB02:8677666.1                             068715.1001

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM BROADCASTING OF SOUTHERN NEW ENGLAND, INC., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM BROADCASTING OF SOUTHERN NEW ENGLAND LICENSEE, L.L.C., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM BROADCASTING OF TEXAS, INC., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM BROADCASTING OF TEXAS LICENSEE, L.L.C., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM BROADCASTING OF TENNESSEE, INC., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM BROADCASTING OF TENNESSEE LICENSEE, L.L.C., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

DB02:8677666.1　　　　　068715.1001

----------------------------------------------------------- x
In re:                                                      :   Chapter 11
FREEDOM MAGAZINES, INC.,                                    :
                                                            :   Case No. 09-_____ (___)
         Debtor.                                            :
----------------------------------------------------------- x
                                                            :
                                                            :
In re:                                                      :   Chapter 11
FREEDOM METRO INFORMATION, INC.,                            :
                                                            :   Case No. 09-_____ (___)
         Debtor.                                            :
----------------------------------------------------------- x
                                                            :
                                                            :
In re:                                                      :   Chapter 11
FREEDOM NEWSPAPERS, INC.,                                   :
                                                            :   Case No. 09-_____ (___)
         Debtor.                                            :
----------------------------------------------------------- x
                                                            :
                                                            x
In re:                                                      :   Chapter 11
ORANGE COUNTY REGISTER                                      :
COMMUNICATIONS, INC.,                                       :   Case No. 09-_____ (___)
                                                            :
         Debtor.                                            :
----------------------------------------------------------- x
                                                            :
In re:                                                      :
OCR COMMUNITY PUBLICATIONS, INC.,                           :   Chapter 11
                                                            :
         Debtor.                                            :   Case No. 09-_____ (___)
----------------------------------------------------------- x
                                                            :
                                                            :
In re:                                                      :   Chapter 11
OCR INFORMATION MARKETING, INC.,                            :
                                                            :   Case No. 09-_____ (___)
         Debtor.                                            :
----------------------------------------------------------- x

| | |
|---|---|
| In re: <br> APPEAL-DEMOCRAT, INC., <br>       Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br> FLORIDA FREEDOM NEWSPAPERS, INC., <br>       Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br> FREEDOM ARIZONA INFORMATION, INC., <br>       Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br> FREEDOM COLORADO INFORMATION, INC., <br>       Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br> FREEDOM EASTERN NORTH CAROLINA COMMUNICATIONS, INC., <br>       Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |
| In re: <br> FREEDOM NEWSPAPERS OF ILLINOIS, INC., <br>       Debtor. | Chapter 11 <br><br> Case No. 09-_____ (___) |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| FREEDOM NEWSPAPERS OF SOUTHWESTERN ARIZONA, INC., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | |
| FREEDOM SHELBY STAR, INC., | : : | Chapter 11 |
| Debtor. | : | Case No. 09-_____ (___) |

| | | |
|---|---|---|
| In re: | : : | Chapter 11 |
| ILLINOIS FREEDOM NEWSPAPERS, INC., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| MISSOURI FREEDOM NEWSPAPERS, INC., | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| ODESSA AMERICAN, | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| THE TIMES-NEWS PUBLISHING COMPANY, | : : | Case No. 09-_____ (___) |
| Debtor. | : | |

| | |
|---|---|
| In re:<br>VICTOR VALLEY PUBLISHING COMPANY,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>DAILY PRESS,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>FREEDOM NEWSPAPER ACQUISITIONS, INC.,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>THE CLOVIS NEWS-JOURNAL,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>FREEDOM NEWSPAPERS OF NEW MEXICO L.L.C.,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>GASTON GAZETTE LLP,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>LIMA NEWS,<br>       Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |

DB02:8677666.1

068715.1001

| | |
|---|---|
| In re:<br>PORTERVILLE RECORDER COMPANY,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>SEYMOUR TRIBUNE COMPANY,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>VICTORVILLE PUBLISHING COMPANY,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>FREEDOM NEWSPAPERS,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>THE CREATIVE SPOT, L.L.C.,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>FREEDOM INTERACTIVE NEWSPAPERS, INC.,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |
| In re:<br>FREEDOM INTERACTIVE NEWSPAPERS OF TEXAS, INC.,<br>        Debtor. | Chapter 11<br><br>Case No. 09-_____ (___) |

| In re: | : | |
|---|---|---|
| FREEDOM SERVICES, INC., | : | Chapter 11 |
| | : | |
| Debtor. | : | Case No. 09-_____ (___) |
| ----------------------------------------------------------- x | | |

## MOTION OF DEBTORS FOR ORDER
## UNDER FED. R. BANKR. 1015 AND DEL. BANKR. L.R. 1015-1
## <u>AUTHORIZING JOINT ADMINISTRATION OF CHAPTER 11 CASES</u>

The debtors and debtors in possession in the above-captioned cases (collectively, the "Debtors") hereby move (the "Motion") for entry of an order, under Rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), authorizing the joint administration of the Debtors' chapter 11 cases for procedural purposes only. In support of the Motion, the Debtors rely upon and incorporate by reference the Declaration of Mark A. McEachen, Senior Vice President and Chief Financial Officer of Freedom Communications Holdings, Inc., in Support of Chapter 11 Petitions and First Day Pleadings, filed with the Court concurrently herewith (the "McEachen Declaration"). In further support of the Motion, the Debtors, by and through their undersigned counsel, respectfully represent:

### JURISDICTION

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Bankruptcy Rule 1015 and Local Rule 1015-1.

DB02:8677666.1    068715.1001

## BACKGROUND

3. On the date hereof (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code. The Debtors continue to manage and operate their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108. No trustee or examiner has been requested in these chapter 11 cases, and no committees have yet been appointed.

4. As more particularly described in the McEachen Declaration, the Debtors in these cases consist of 50 entities within a corporate family led by parent company Freedom Communications Holdings, Inc. ("Freedom Holdings"). Freedom Holdings is the direct owner of Freedom Communications, Inc. ("Freedom Communications"). Freedom Communications is, in turn, the direct or indirect owner of the other 48 Debtors. There are six non-Debtor affiliates.

5. Together, the Debtors operate a media business in two primary industry segments: newspaper publishing and broadcast television. In addition, the Debtors operate an interactive business which offers website complements, as well as digital and mobile products, to their newspaper and broadcast properties. Five of the non-Debtor affiliates operate as charitable organizations within the communities served by certain of the Debtors' newspapers, and the other non-Debtor affiliate is an entity organized under the laws of Mexico that has ceased its business operations.

6. The Debtors' operations are headquartered in Orange County, California and extend to 15 states within the United States, utilizing the services of in excess of 8,200 employees and independent contractors. Their newspaper publishing segment produces approximately 90 daily and weekly publications, including 30 daily newspapers, as well as ancillary magazines and other specialty publications. They operate eight television stations

within their broadcast television segment, including five CBS affiliates, two ABC affiliates, and one CW affiliate.

7.  The Debtors have consolidated liabilities of approximately $1.077 billion (calculated as of the month ended July 31, 2009). Their primary financial obligation arises under a secured credit agreement dated May 18, 2004, as amended, and is in the approximate amount of $770.6 million (excluding accrued and unpaid interest, contingent letter of credit obligations, and related fees). The Debtors are either obligors or guarantors, and have pledged substantially all of their assets to secure the indebtedness owing, under the credit agreement. In addition, the Debtors have other liabilities of approximately $306.4 million. Moreover, as described below, the Debtors were obligated under a contingent class action settlement in the amount of approximately $28.9 million. As a result of the commencement of these chapter 11 cases, the settlement terminated, and the Debtors anticipate that the claimants will assert renewed claims. Any such claims would be in addition to the consolidated liabilities of approximately $1.077 billion.

8.  The Debtors' financial condition has been deteriorating over the last several years. They have suffered from unprecedented challenges in the economy generally and the media industry specifically that have impacted their primary source of revenue: advertising. Traditionally, advertising revenues decline markedly during national, regional, and local economic downturns, like those experienced since the second half of 2008. For example, retail advertising has decreased with declines in the retail market, and classified advertising has suffered from unemployment and declines in the real estate and auto sectors. Moreover, competition from internet based alternatives, particularly in the classified employment advertising category, has caused significant erosion in traditional print media advertising

revenues. In addition, recent high newsprint prices have taken their toll on the Debtors' otherwise reduced revenues.

9. As a result of their deteriorating financial condition, as of September 30, 2008, the Debtors had failed to satisfy the financial covenants of their secured credit agreement. The secured lenders issued a notice of default on October 16, 2008. The defaults continued through April 29, 2009, when the lenders agreed, among other things, to grant a temporary waiver of the defaults through December 31, 2009, unless earlier terminated. Thus, prior to the Petition Date, the Debtors faced the prospect of lengthy negotiations with their secured lenders that, even if resulting in an out-of-court restructuring of the obligations under the credit agreement, were not certain to remedy all of the issues impacting their financial results.

10. At the same time, the Debtors faced the imminent loss of approximately $28.9 million to a contingent litigation settlement involving the class action claims of certain newspaper carriers for *The Orange County Register*. As part of the settlement, the Debtors funded an escrow account under the condition that the funds would not be disbursed to the claimants until September 14, 2009, and the funds would be returned to the Debtors in the event of a chapter 11 filing before that date. The Debtors recognized that, if they filed for chapter 11 relief after the funds were disbursed, they would have the right to seek to recover the funds as a preferential transfer, but the process of actually recovering the funds would be time-consuming and expensive.

11. Giving due consideration to the interests of all creditors, the Debtors determined that chapter 11 cases should be commenced before September 14, 2009. As a result, on the Petition Date, the Debtors commenced these chapter 11 cases. The Debtors intend to utilize the tools available to them under chapter 11 to improve their balance sheet and strengthen

their businesses for the benefit of creditors, customers, employees, and the communities in which the Debtors operate.

**RELIEF REQUESTED**

12. By this Motion, the Debtors seek entry of an order, pursuant to Bankruptcy Rule 1015 and Local Rule 1015-1, directing joint administration of the Debtors' chapter 11 cases for procedural purposes only.

**BASIS FOR RELIEF**

13. Bankruptcy Rule 1015(b) provides that "if . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates" of the debtor and such affiliates. See Fed. R. Bankr. P. 1015(b)(4). Bankruptcy Code section 101(2), in turn, defines the term "affiliate" in pertinent part, as an:

> (A) entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (B) corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . .
>
> (C) person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or
>
> (D) entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

See 11 U.S.C. § 101(2).

14. Further, Local Rule 1015-1 provides

> [a]n order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties . . . .

DB02:8677666.1　　　　　　　　　　　　　　　　　　　　　　　　　068715.1001

See Del. Bankr. L.R. 1015-1.

15. The Debtors in these proceedings include Freedom Holdings and 49 of its subsidiaries and affiliates (the "Affiliated Debtors"), which include corporations, limited liability companies, general partnerships, limited partnerships, and limited liability partnerships. Freedom Holdings is the direct or indirect parent or owner of all of the Affiliated Debtors. Freedom Holdings, as the ultimate parent of each Affiliated Debtor, directly or indirectly owns either one hundred (100) percent of the ownership interests in each Affiliated Debtor or in several cases just short of one hundred (100) percent of the ownership interests.[1] As such, the Affiliated Debtors are "affiliates" as that term is defined in Bankruptcy Code section 101(2) and as used in Bankruptcy Rule 1015(b). Accordingly, joint administration of the Debtors' cases is appropriate under Bankruptcy Rule 1015(b) and Local Rule 1015-1.

16. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several of the Debtors. With 50 Debtors, each with its own case docket, the failure to jointly administer these cases would result in numerous duplicative filings for each issue, which would then be served upon separate service lists. This duplication would be extremely wasteful and would unnecessarily overburden the Clerk of the Court.

17. Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to (a) use a single caption on the numerous documents that will be served and filed herein and (b) file the papers in one case rather than in multiple cases. Moreover, this Court will be relieved of the

---

[1] Certain of the Debtors are general partnerships, limited partnerships, or limited liability partnerships that have minority partners who hold a de minimis percentage of the partnership interests.

14
DB02:8677666.1                                                                                                           068715.1001

burden of entering duplicative orders and maintaining duplicative files. Also, joint administration will ease the burden on the office of the United States Trustee in supervising these bankruptcy cases.

18.     Moreover, joint administration of the Debtors' chapter 11 cases will permit the Clerk of the Court to use a single general docket for each of the Debtors' cases and to combine notices to creditors and other parties in interest of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that parties in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in these cases.

19.     The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and other party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Thus, all creditors will benefit from the reduced costs as a result of such joint administration.

20.     Accordingly, the Debtors request that the official caption to be used by all parties in all pleadings and other filings in the jointly administered cases be as follows:

```
------------------------------------------------------------- x
In re:                                          :  Chapter 11
                                                :
FREEDOM COMMUNICATIONS HOLDINGS, :  Case No. 09-_____ (___)
INC., et al.,                                   :
                                                :
            Debtors.[1]                         :  Jointly Administered
------------------------------------------------------------- x
```

The footnote 1 reference in such caption will refer parties in interest to a complete listing of the Debtors' names.

21. The Debtors submit that use of this simplified caption, without reference to their respective tax identification numbers, addresses and other detail specified by Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n), will eliminate cumbersome and confusing procedures and ensure a uniformity of pleading identification. Further, such case-specific information will be listed in the petitions for each Debtor, which are publicly available to parties in interest or will be provided by the Debtors upon request; and this information will be included in key notices to parties in interest, such as the notices required under Bankruptcy Rules 2002(a)(1), 2002(a)(7), and 2002(b), as applicable to these cases. Therefore, the Debtors submit that the policies behind the requirements of Bankruptcy Code section 342(c) and Bankruptcy Rule 2002(n) have been satisfied.

22. In addition, the Debtors request that the Court make separate docket entries on the docket of each of the Debtors' chapter 11 cases (except that of Freedom Holdings), substantially as follows:

> An order has been entered in this case consolidating this case with the case of Freedom Communications Holdings, Inc., Case No. 09-_____ (__), for procedural purposes only and providing for its joint administration in accordance with the terms thereof. The docket in Case No. 09-_____ (__) should be consulted for all matters affecting this case.

23. In view of the fact that joint administration is procedural only, the Debtors respectfully request that the Court direct that any creditor filing a proof of claim against any of the Debtors or their respective estates clearly assert its claim against the particular Debtor obligated on such claim, and not against the jointly administered Debtors.

24. An order of joint administration relates to the routine administration of a case and may be entered by the Court in its sole discretion on an <u>ex parte</u> basis. <u>See</u> Del. Bankr L.R. 1015-1. No party will be prejudiced by virtue of the relief requested in this Motion. Specifically, the relief sought herein is solely procedural and is not intended to affect substantive

DB02:8677666.1                                                                                        068715.1001

rights. Indeed, the relief requested herein is commonly granted by numerous courts, including this Court. See, e.g., In re Sportsman's Warehouse, Inc., Case No. 09-10990 (CSS) (Bankr. D. Del. Mar. 23, 2009); In re Sun-Times Media Group, Inc., Case No. 09-11092 (CSS) (Bankr. D. Del. Apr. 1, 2009); In re Tribune Co., Case No. 08-13141 (KJC) (Bankr. D. Del. Dec. 10, 2008); In re Pierre Foods, Inc., Case No. 08-11480 (KG) (Bankr. D. Del. July 16, 2008); In re Leiner Health Prods., Inc., Case No. 08-10446 (KJC) (Bankr. D. Del. Mar. 12, 2008); Tweeter Home Entm't Group, Inc., Case No. 07-10787 (PJW) (Bankr. D. Del. June 12, 2007); In re Star Tribune Holdings Corp., Case No. 09-10244 (RDD) (Bankr. S.D.N.Y. January 16, 2009); In re Journal Register Co., Case No. 09-10769 (ALG) (Bankr. S.D.N.Y. February 24, 2009).

25. For these reasons, the Debtors submit that the relief requested herein is in the best interest of the Debtors, their estates, creditors and other parties in interest and, therefore, should be granted. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

26. Notice of this Motion will be given to: (a) the United States Trustee for the District of Delaware, (b) counsel to the agent for the Debtors' prepetition secured bank group, and (c) the parties included on the Debtors' consolidated list of thirty (30) largest unsecured creditors. The Debtors submit that, under the circumstances, no other or further notice is required.

**WHEREFORE**, the Debtors respectfully request that the Court enter an order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Dated: Wilmington, Delaware
September 1, 2009

YOUNG CONAWAY STARGATT & TAYLOR, LLP

/s/ K. Coyle

Michael R. Nestor (No. 3526)
Kara Hammond Coyle (No. 4410)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, DE 19801
Telephone: 302-571-6600
Fax: 302-571-1253
Email: mnestor@ycst.com
 kcoyle@ycst.com

- and -

Robert A. Klyman
LATHAM & WATKINS LLP
355 South Grand Avenue
Los Angeles, California 90071-1560
Telephone: 213-485-1234
Fax: 213-891-8763
Email: robert.klyman@lw.com

- and -

Rosalie Walker Gray
Michael J. Riela
LATHAM & WATKINS LLP
885 Third Avenue
New York, New York 10022-4834
Telephone: 212-906-1200
Fax: 212-751-4864
Email: rosalie.gray@lw.com
 michael.riela@lw.com

Proposed Counsel for Debtors and Debtors in Possession

DB02:8677666.1

068715.1001