# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re Freedom Communications Holdings, Inc., *et al.*          Case No. 09-13046 (BLS)
Debtor

### INITIAL MONTHLY OPERATING REPORT
**File report and attachments with Court and submit copy to United States Trustee within 15 days after order for relief.**

Certificates of insurance must name United States Trustee as a party to be notified in the event of policy cancellation.
Bank accounts and checks must bear the name of the debtor, the case number, and the designation "Debtor in Possession."
Examples of acceptable evidence of Debtor in Possession Bank accounts include voided checks, copy of bank deposit
agreement/certificate of authority, signature card, and/or corporate checking resolution.

| REQUIRED DOCUMENTS | Document Attached | Explanation Attached |
|---|---|---|
| **12-Month Cash Flow Projection  (Form IR-1)** | DIP Budget Attached | |
| **Certificates of Insurance:** | | |
|    Workers Compensation | Attached | |
|    Property | Attached | |
|    General Liability | Attached | |
|    Vehicle | Attached | |
|    Other: Crime, D&O, Fiduciary, Excess/Umbrella | Attached | |
|    Identify areas of self-insurance w/liability caps | | |
| **Evidence of Debtor in Possession Bank Accounts** | | |
|    Tax Escrow Account | See Attached Order | |
|    General Operating Account | | |
|    Money Market Account pursuant to Local Rule 4001-3.  Refer to | | |
|    http://www.deb.uscourts.gov/ | | |
|    Other: | | |
| **Retainers Paid (Form IR-2)** | Attached | |

I declare under penalty of perjury (28 U.S.C. Section 1746) that this report and the documents attached
are true and correct to the best of my knowledge and belief.

_____          _____
Signature of Debtor                                         Date


_____          _____
Signature of Joint Debtor                                  Date

*Mark A. McEachen*                            *9/16/07*
Signature of Authorized Individual*          Date

Mark A. McEachen                             Senior Vice President and Chief Financial Officer
Printed Name of Authorized Individual        Title of Authorized Individual

*Authorized individual must be an officer, director or shareholder if debtor is a corporation; a partner if debtor
is a partnership; a manager or member if debtor is a limited liability company.

# DIP BUDGET
# (FORM IR-1)

**Freedom Communications Holdings, Inc.**
**Cash Collateral Budget**
**AMOUNTS IN $000'S**

| | Wk-1 Forecast 09/04/09 | Wk-2 Forecast 09/11/09 | Wk-3 Forecast 09/18/09 | Wk-4 Forecast 09/25/09 | Wk-5 Forecast 10/02/09 | Wk-6 Forecast 10/09/09 | Wk-7 Forecast 10/16/09 | Wk-8 Forecast 10/23/09 | Wk-9 Forecast 10/30/09 | Wk-10 Forecast 11/06/09 | Wk-11 Forecast 11/13/09 | Wk-12 Forecast 11/20/09 | Wk-13 Forecast 11/27/09 | Total 13-Week Forecast |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Total Receipts** | $8,830 | $9,503 | $9,496 | $8,797 | $8,976 | $9,343 | $9,555 | $9,591 | $10,214 | $8,605 | $9,829 | $10,336 | $9,226 | $122,791 |
| **Operating Disbursements** | | | | | | | | | | | | | | |
| Payroll & Benefits | $1,731 | $7,928 | $1,045 | $8,666 | $1,524 | $7,899 | $928 | $8,525 | $938 | $10,528 | $1,110 | $8,565 | $1,019 | $80,465 |
| Paper & Ink | 886 | 1,355 | 1,555 | 1,355 | 2,721 | 187 | 187 | 187 | 865 | 169 | 190 | 190 | 4,159 | 13,675 |
| Purchased Content | 349 | 547 | 512 | 494 | 140 | 292 | 292 | 380 | 327 | 289 | 468 | 433 | 416 | 4,950 |
| Outside Services | 1,081 | 1,623 | 1,385 | 2,160 | 1,082 | 697 | 611 | 395 | 563 | 1,009 | 983 | 1,085 | 1,062 | 13,737 |
| Insurance | 15 | 0 | 0 | 0 | 15 | 0 | 0 | 0 | 15 | 0 | 0 | 0 | 0 | 45 |
| Utilities, Rent, and Lease | 353 | 511 | 519 | 1,109 | 255 | 334 | 357 | 357 | 380 | 288 | 449 | 457 | 492 | 5,762 |
| Other Operating Disbursements | 1,409 | 1,517 | 1,409 | 1,674 | 1,218 | 1,208 | 1,120 | 1,165 | 1,434 | 1,432 | 1,603 | 1,517 | 1,218 | 17,392 |
| Non-Debtor Disbursements (Charities) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 |
| Income Taxes | 0 | 0 | 50 | 0 | 0 | 0 | 0 | 0 | 750 | 0 | 0 | 0 | 0 | 840 |
| **Total Operating Disbursements** | $5,883 | $13,481 | $6,316 | $15,457 | $6,956 | $10,616 | $3,495 | $11,009 | $5,353 | $13,756 | $4,802 | $12,246 | $8,307 | $117,676 |
| Capital Expenditures | $353 | $367 | $367 | $367 | $319 | $167 | $167 | $167 | $167 | $394 | $72 | $72 | $72 | $2,751 |
| Interest and Principal Payments | 3,599 | 0 | 0 | 0 | 3,483 | 0 | 0 | 0 | 0 | 3,483 | 0 | 0 | 0 | 10,566 |
| Restructuring Professional Fees [A] | 0 | 0 | 800 | 0 | 100 | 800 | 800 | 0 | 2,225 | 0 | 0 | 800 | 2,225 | 6,950 |
| US Trustee Quarterly Fees | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 100 | 0 | 0 | 0 | 100 |
| Miscellaneous Receipts [B], [C] | (28,996) | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | (10,000) | (38,936) |
| Finance and Other Disbursements | ($24,983) | $367 | $1,167 | $367 | $3,902 | $967 | $967 | $167 | $2,392 | $3,678 | $72 | $872 | ($7,703) | ($18,509) |
| **Total Disbursements** | ($19,101) | $13,848 | $7,483 | $15,824 | $10,858 | $10,783 | $4,462 | $11,175 | $7,746 | $17,433 | $4,873 | $13,117 | $603 | $99,106 |
| **Cash Flow** | $27,931 | ($4,346) | $2,004 | ($7,028) | ($1,882) | ($1,440) | $5,192 | ($1,184) | $2,468 | ($8,828) | $4,956 | ($2,781) | $8,623 | $23,885 |
| Cash Collateral – Beginning | $37,955 | $65,886 | $61,542 | $63,546 | $56,518 | $54,638 | $53,198 | $58,390 | $57,205 | $59,674 | $50,846 | $55,804 | $53,023 | $37,955 |
| Interest Income | 3 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 2 | 0 | 0 | 0 | 5 |
| Change in Operating Cash | 27,931 | (4,346) | 2,004 | (7,028) | (1,882) | (1,440) | 5,192 | (1,184) | 2,468 | (8,828) | 4,956 | (2,781) | 8,623 | 23,885 |
| **Cash Collateral – Ending** | $65,886 | $61,542 | $63,546 | $56,518 | $54,638 | $53,198 | $58,390 | $57,205 | $59,674 | $50,846 | $55,804 | $53,023 | $61,646 | $61,646 |

[A]: The timing of actual payments will depend on Court ordered professional fee payment procedures. Payments do not reflect total anticipated professional fees for the full proceeding.
[B]: Timing may fluctuate due to legal considerations and Court ordered procedures that may delay the recovery of funds.
[C]: Per paragraph 15(i) of Interim Cash Collateral Order, EIG insurance refund is budgeted to be received in the thirteenth week.

# CERTIFICATES OF INSURANCE



# Certificate of Insurance

DATE: September 9, 2009

**CERTIFICATE ISSUED TO:**

Office of the United States Trustee
Attn: David L. Buchbinder
District of Delaware
844 King Street, Suite 2207
Wilmington, DE 19801

This is to certify that the policies of insurance listed below have been effected for the insured named below for the policy period indicated. Notwithstanding any requirement, term or condition of any contract or other document with respect to which this certificate may be issued or may pertain, the insurance afforded by the policies described herein is subject to all the terms, exclusions and conditions of such policies. Limits shown may have been reduced by paid claims.

**NAME OF ASSURED:**

Freedom Communications, Inc.
Including its Entities

**REFERENCE:**

| TYPE OF INSURANCE | POLICY NO. | POLICY PERIOD | AGREED VALUE OR LIMITS OF LIABILITY |
|---|---|---|---|
| U.S. Workers' Compensation/ Employers' Liability | WC3566809 (AZ, CT, DC, GA, KS, MO, NC, NM, SC) | 31 DEC 2008 31 DEC 2009 | Workers' Compensation - Statutory Employers' Liability - |
| *CA: SIR $1,000,000* | WC3566805 (TX) | | US$1,000,000 each accident |
| *CO & MI: SIR $500,000* | WC3566806 (FL) | | US$1,000,000 each employee |
| *All Other States: $250,000 Ded.* | | | US$1,000,000 policy aggregate |
| | WC3566807 (IL, IN, TN) | | |
| | WC3566808 (NY, OH) | | |
| | XWC4801319 (CA) | | |
| | XWC4801320 (CO, MI) | | |

*Insured with: National Union Fire Insurance Company of Pittsburg, PA - WC3566809, XWC4801319, XWC4801320*
*New Hampshire Insurance Company - WC3566805, WC3566808*
*Commerce & Industry Insurance Company - WC3566806*
*Illinois National Insurance Company - WC3566807*

| | | | |
|---|---|---|---|
| Foreign Commercial Package *Foreign General Liability Foreign Auto Liability Foreign Voluntary Compensation / Employers Liability* | WRI0009097 | 19 June 2009 19 June 2010 | **Foreign General Liability:** General Aggregate US$1,000,000 Products/Completed Operations Aggregate US$1,000,000 Each Occurrence Limit US$1,000,000 Personal & Advertising US$1,000,000 |
| | | | **Foreign Auto Liability:** Bodily Injury & Property Damage Combined Single Limit US$1,000,000 |
| | | | **Foreign Voluntary Comp/EL:** US Citizen: State of Hire |
| | | | Employers' Liability US$1,000,000 per person/per accident |

*Insured with: The Insurance Company of the State of PA*

Should any of the above described policies be cancelled before the expiration date thereof, this agency on behalf of the issuing company(ies) will endeavor to mail 30* days' written notice to the above named certificate holder, but failure to mail such notice shall impose no obligation or liability of any kind upon the company(ies) or this agency. *10 days notice in respect of non-payment of premium.

<u>Several Liability Notice:</u> The subscribing insurers' obligations under contracts of insurance to which they subscribe are several and not joint and are limited solely to the extent of their individual subscriptions. The subscribing insurers are not responsible for the subscription of any co-subscribing insurer who for any reason does not satisfy all or part of its obligations.

This Certificate of Insurance is issued as a matter of information only and confers no rights upon the Certificate Holder. This Certificate of Insurance does not amend, extend or alter the coverage afforded by the policy(ies) shown hereon.

Alliant Insurance Services Houston LLC are not insurers hereunder, and Alliant Insurance Services Houston LLC are not nor shall be in any way or to any extent liable for loss or claim whatsoever in connection with the policies evidenced hereon.

BY: ALLIANT INSURANCE SERVICES HOUSTON LLC

# ACORD™ EVIDENCE OF COMMERCIAL PROPERTY INSURANCE

DATE (MM/DD/YYYY) 9/9/2009

THIS IS EVIDENCE THAT INSURANCE AS IDENTIFIED BELOW HAS BEEN ISSUED, IS IN FORCE, AND CONVEYS ALL THE RIGHTS AND PRIVILEGES AFFORDED UNDER THE POLICY.

| PRODUCER NAME, CONTACT PERSON AND ADDRESS | COMPANY NAME AND ADDRESS | NAIC NO: 19437 |
|---|---|---|
| PHONE (A/C, No, Ext): 949-756-0271 FAX (A/C, No): 949-756-2713 E-MAIL ADDRESS: Alliant Insurance Services, Inc. 1301 Dove Street, Suite 200 Newport Beach, CA 92660-2436 | Lexington Ins Co | |

| CODE: | SUB CODE: CORP |
|---|---|

AGENCY CUSTOMER ID #:

IF MULTIPLE COMPANIES, COMPLETE SEPARATE FORM FOR EACH

| NAMED INSURED AND ADDRESS | LOAN NUMBER | POLICY NUMBER 012944563 |
|---|---|---|
| Freedom Communications Holdings, Inc. 17666 Fitch Irvine CA 92614-6022 | EFFECTIVE DATE 8/1/2009 | EXPIRATION DATE 8/1/2010 | CONTINUED UNTIL TERMINATED IF CHECKED |

ADDITIONAL NAMED INSURED(S)

THIS REPLACES PRIOR EVIDENCE DATED:

## PROPERTY INFORMATION (Use additional sheets if more space is required)

LOCATION/DESCRIPTION

## COVERAGE INFORMATION     CAUSE OF LOSS FORM | BASIC | BROAD X | SPECIAL | OTHER

COMMERCIAL PROPERTY COVERAGE AMOUNT OF INSURANCE: $ 400,000,000     DED: 100,000

| | YES | NO | | |
|---|---|---|---|---|
| BUSINESS INCOME / RENTAL VALUE | X | | IF YES,     LIMIT: | Actual Loss Sustained  # of months: |
| BLANKET COVERAGE | X | | IF YES, indicate amount of insurance on properties identified above: $N/A | |
| TERRORISM COVERAGE | X | | Attach signed Disclosure Notice / DEC | |
| IS COVERAGE PROVIDED FOR "CERTIFIED ACTS" ONLY? | | X | IF YES, SUB LIMIT: See Attached     DED: See Attached | |
| IS COVERAGE A STAND ALONE POLICY? | | X | IF YES,     LIMIT:     DED: | |
| DOES COVERAGE INCLUDE DOMESTIC TERRORISM? | X | | IF YES, SUB LIMIT: Inc in Pol Limit DED: 100,000 | |
| COVERAGE FOR MOLD | X | | IF YES,     LIMIT: 100,000 Ann Agg   DED: 100,000 | |
| MOLD EXCLUSION (If "YES", specify organization's form used) | | X | | |
| REPLACEMENT COST | X | | | |
| AGREED AMOUNT | | X | | |
| COINSURANCE | | X | IF YES,     % | |
| EQUIPMENT BREAKDOWN (If Applicable) | X | | IF YES,     LIMIT: 100,000,000   DED: 100,000 | |
| LAW AND ORDINANCE - Coverage for loss to undamaged portion of building | X | | IF YES,     LIMIT: 400,000,000   DED: 100,000 | |
| - Demolition Costs | X | | IF YES,     LIMIT: 10,000,000   DED: 100,000 | |
| - Incr. Cost of Construction | X | | IF YES,     LIMIT: 5,000,000   DED: 100,000 | |
| EARTHQUAKE (If Applicable) | X | | IF YES,     LIMIT: See Attached   DED: See Attached | |
| FLOOD (If Applicable) | X | | IF YES,     LIMIT: See Attached   DED: See Attached | |
| WIND / HAIL (If Separate Policy) | | X | IF YES,     LIMIT: See Attached   DED: See Attached | |
| PERMISSION TO WAIVE SUBROGATION PRIOR TO LOSS | X | | | |

## REMARKS - Including Special Conditions (Use additional sheets if more space is required)

Certificate holder will receive 30 days Notice of Cancellation, 10 days in the event of non payment of premium.

Continued...

## CANCELLATION

THE POLICY IS SUBJECT TO THE PREMIUMS, FORMS, AND RULES IN EFFECT FOR EACH POLICY PERIOD. SHOULD THE POLICY BE TERMINATED, THE COMPANY WILL GIVE THE ADDITIONAL INTEREST IDENTIFIED BELOW 30 DAYS WRITTEN NOTICE, AND WILL SEND NOTIFICATION OF ANY CHANGES TO THE POLICY THAT WOULD AFFECT THAT INTEREST, IN ACCORDANCE WITH THE POLICY PROVISIONS OR AS REQUIRED BY LAW.

## ADDITIONAL INTEREST

| NAME AND ADDRESS | LENDER SERVICING AGENT NAME AND ADDRESS |
|---|---|
| Office of the United States Trustee, Attn:David L. Buchbinder District of Delaware 844 King Street, Suite 2207 Wilmington DE 19801 | |

| | | | AUTHORIZED REPRESENTATIVE |
|---|---|---|---|
| MORTGAGEE | X | Evidence Only | |
| LOSS PAYEE | | | |

ACORD 28 (2003/10)

© ACORD CORPORATION 2003

# CERTIFICATE ATTACHMENT FOR FREEDOM COMMUNICATIONS, INC, ETAL

**Insurance Carrier:** Lexington Insurance Company
**Policy Number:** 012944563
**Policy Effective:** 8/1/2009 to 8/1/2010

**Program Limit:** $400,000,000 Per Occurrence, subject to the sublimits and annual aggregates shown below.

**Perils:** "All Risks" of Direct Physical Loss or Damage to property.

**Sublimits:** (Please note the limits shown below and on the first page of this certificate are within, and do not increase, the Policy Limit of Property Shown):

- Real and Personal Property: Included
- Terrorism (Certified and Non Certified): $400,000,000 Per Occurrence
  - ➢ Coverage is excluded in India
- Business Interruption: Actual Loss Sustained
- Expediting Cost and Extra Expense, combined: $25,000,000
  - ➢ Except $1,000,000 for India
- Service Interruption PD/BI combined: $10,000,000
- Contingent Time Element - Business Interruption/Extra Expense $25,000,000 except:
  - ➢ Contingent Time Element – India excluding Terrorism: $1,000,000
- Rental Value: $100,000,000
- Extended Period of Indemnity: 365 Days
- Earthquake: $100,000,000 Per Occurrence and in the Annual Aggregate except for the following which is included within this aggregate:
  - ➢ $50,000,000 Per Occurrence and in the Annual Aggregate – Alaska, Hawaii and Puerto Rico
  - ➢ $25,000,000 Per Occurrence and in the Annual Aggregate - New Madrid and Pacific Northwest
  - ➢ Excluded – California
  - ➢ $1,000,000 – India
- Flood: $100,000,000 Per Occurrence and in the Annual Aggregate - except for the following which is included within this aggregate:
  - ➢ $10,000,000 Per Occurrence and in the Annual Aggregate - 100 Year Flood Zones ("A" and "V")
  - ➢ $1,000,000 – India
- Named Storm: $100,000,000 Per Occurrence for the peril of Windstorm (and all ensuing perils), except for the following which is included within this per occurrence limit:
  - ➢ $50,000,000 Per Occurrence for Florida Windstorm
- Equipment Breakdown: $100,000,000
- Property under the Course of Construction: Included
- Decontamination Expense: Included in limited Pollution coverage

# CERTIFICATE ATTACHMENT FOR FREEDOM COMMUNICATIONS, INC, ETAL

**Schedule of Deductibles:**

| Type of Deductible | Deductible Amount Per Occurrence |
|---|---|
| All Risk: | $100,000 |
| | |
| Earthquake: | |
| Locations in Alaska, Hawaii and | 5% of the total insurable values per location subject to a minimum of $100,000 per any one occurrence |
| Locations in Pacific Northwest | 5% of the total insurable values per location subject to a minimum of $100,000 per any one occurrence |
| Locations in New Madrid | 2% of the total insurable values per location subject to a minimum of $100,000 per any one occurrence |
| California | Excluded |
| | |
| Named Windstorm: | |
| Florida (Regardless of the number of coverages, locations or perils) | 5% of the total insurable values per location subject to a minimum of $250,000 per any one occurrence |
| Elsewhere (Regardless of the number of coverages, locations or perils) | 2% of the total insurable values per location subject to a minimum of $250,000 per any one occurrence |
| | |
| Flood: | The deductible shall be $250,000 any one occurrence for locations wholly or partially within Special Flood Hazard Areas (SFHA) areas of 100-year flooding as defined by the Federal Emergency Management Agency |
| | With respect to any other flood loss, the deductible shall be $100,000 per occurrence |
| | |
| Equipment Breakdown: | $100,000 |

G:\Blackstone\Portfolio Companies\Freedom Communications\Property\2009-2010\Master Certificate Attachments\Renewal Certificates\09-10 Prop Cert Attachment for Freedom Comm.doc

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
09/10/2009

| PRODUCER | |
|---|---|
| Marsh Risk & Insurance Services<br>4695 MacArthur Court, Suite 700<br>(949) 399-5800<br>License #0437153<br>Newport Beach, CA 92660<br>310438-XX-XX-08-09 | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| Freedom Communications, Inc.<br>and their subsidiaries - See list attached<br>17666 Fitch<br>Irvine, CA 92614 | INSURER A: Liberty Mutual Fire Ins Co | 23035 |
| | INSURER B: St. Paul Fire & Marine Ins Co | 24767 |
| | INSURER C: Federal Insurance Company | 20281 |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| A | | GENERAL LIABILITY<br>[X] COMMERCIAL GENERAL LIABILITY<br>[ ] CLAIMS MADE [X] OCCUR<br><br><br>GENERAL AGGREGATE LIMIT APPLIES PER<br>[ ] POLICY [ ] PRO-JECT [X] LOC | TB2-631-509650-019 | 04/01/09 | 04/01/10 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurrence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG | $ 1,000,000<br>$ 1,000,000<br>$ 10,000<br>$ 1,000,000<br>$ 2,000,000<br>$ 2,000,000 |
| A | | AUTOMOBILE LIABILITY<br>[X] ANY AUTO<br>[ ] ALL OWNED AUTOS<br>[ ] SCHEDULED AUTOS<br>[X] HIRED AUTOS<br>[X] NON-OWNED AUTOS | AS2-631-509650-029 | 04/01/09 | 04/01/10 | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident) | $ 2,000,000<br>$<br>$<br>$ |
| | | GARAGE LIABILITY<br>[ ] ANY AUTO | | | | AUTO ONLY - EA ACCIDENT<br>OTHER THAN EA ACC<br>AUTO ONLY: AGG | $<br>$<br>$ |
| B | | EXCESS/UMBRELLA LIABILITY<br>[X] OCCUR [ ] CLAIMS MADE<br>[ ] DEDUCTIBLE<br>[ ] RETENTION $ 10,000 | QK04500569 | 04/01/09 | 04/01/10 | EACH OCCURRENCE<br>AGGREGATE | $ 25,000,000<br>$ 25,000,000<br>$<br>$<br>$ |
| | | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | [ ] WC STATU-TORY LIMITS [ ] OTH-ER<br>E.L. EACH ACCIDENT<br>E.L. DISEASE - EA EMPLOYEE<br>E.L. DISEASE - POLICY LIMIT | $<br>$<br>$ |
| C | | OTHER<br>Excess Liability | 79836397 | 04/01/09 | 04/01/10 | Aggregate<br>Each Occurrence | 25,000,000<br>25,000,000 |

DESCRIPTION OF OPERATIONS/LOCATIONS/VEHICLES/EXCLUSIONS ADDED BY ENDORSEMENT/SPECIAL PROVISIONS

| CERTIFICATE HOLDER | LOS-000911363-03 | CANCELLATION |
|---|---|---|
| David L. Buchbinder<br>Office of the United States Trustee<br>District of Delaware<br>844 King Street, Suite 2207<br>Wilmington, DE 19801 | | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE of Marsh Risk & Insurance Services<br>John Graef |

ACORD 25 (2001/08)

© ACORD CORPORATION 1988

# ADDITIONAL INFORMATION

| PRODUCER | | |
|---|---|---|
| Marsh Risk & Insurance Services<br>4695 MacArthur Court, Suite 700<br>(949) 399-5800<br>License #0437153<br>Newport Beach, CA 92660<br>310438-XX-XX-08-09 | **INSURERS AFFORDING COVERAGE** | **NAIC #** |

| INSURED | |
|---|---|
| Freedom Communications, Inc.<br>and their subsidiaries - See list attached<br>17666 Fitch<br>Irvine, CA 92614 | INSURER F: |
| | INSURER G: |
| | INSURER H: |
| | INSURER I: |

## TEXT

Coverage: Personal Group Excess Liability - Policy No.GPE157335249
Company - Columbia Casualty Company Insurance Company (CNA)
4/1/2009 to 4/1/2010
Limits: $3,000,000 Excess Liability

Coverage: Non-Owned Aircraft Liability - Policy No. 11NOA70867 00
Company - Arch Insurance Company
4/1/2009 to 4/1/2010
Limits: $10,000,000 Each Occurrence / $10,000 Medical Payments

Coverage: Storage Tank Third Party Liability - Policy No. USC2953779-09
Company - Zurich American Insurance Company
4/1/2009 to 4/1/2010
Limits: $1,000,000 Each Claim / $1,000,000 Total for All Claims

Coverage: News Media Liability - Policy No. 6800-8074
Company - Executive Risk Indemnity Inc.
4/1/2009 to 4/1/2010
Limits: $15,000,000 Each Claim / $15,000,000 Aggregate
$225,000 SIR Each & Every Claim (Except Defense Expense)

## CERTIFICATE HOLDER

David L. Buchbinder
Office of the United States Trustee
District of Delaware
844 King Street, Suite 2207
Wilmington, DE 19801

AUTHORIZED REPRESENTATIVE
of Marsh Risk & Insurance Services
John Graef

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 9/09/2009 |

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| New York - Executive Risk<br>99 Park Ave., Suite 1910<br>New York, NY 10016<br>James Tolfree | | |

| INSURED | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| FREEDOM COMMUNICATIONS HOLDINGS, INC.<br>17666 FITCH AVENUE<br>Irvine, CA 92614 | INSURER A: National Union Fire Ins Co | 19445 |
| | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | ☐ | | | | PERSONAL & ADV INJURY | $ |
| | | ☐ | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC<br>AUTO ONLY: AGG | $<br>$ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | OTHER Crime | 016691945 | 04/01/09 | 04/01/10 | $3,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
Re: Evidence of Insurance

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE<br>*Fred T. Podolski* |

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

**DATE (MM/DD/YYYY)**
09/09/2009

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | | |
|---|---|---|---|
| New York - Executive Risk<br>99 Park Ave, Suite 1910<br>New York, NY 10016<br>James Tolfree | | | |
| | **INSURERS AFFORDING COVERAGE** | | **NAIC #** |
| INSURED | INSURER A: Zurich American Insurance Compa | | 16535 |
| FREEDOM COMMUNICATIONS HOLDINGS, INC.<br>17666 FITCH AVENUE<br>Irvine, CA 92614 | INSURER B: RLI Insurance Company | | 13056 |
| | INSURER C: ACE-Illinois Union Ins Co | | 27960 |
| | INSURER D: RSUI Indemnity Company | | |
| | INSURER E: | | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC | $ |
| | | | | | | AUTO ONLY: AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | OTHER D&O | DOC938387700 | 04/01/09 | 04/01/10 | $10,000,000 | |
| B | | 1st xs D&O | EPG0009116 | 04/01/09 | 04/01/10 | $5,000,000 xs $10MM | |
| C | | 2nd xs D&O | DOXG24566122 00 | 04/01/09 | 04/01/10 | $5,000,000 xs $15MM | |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS**
Insurer D: 3rd xs D&O Policy #NHS632542 Effective: 04/01/09-04/01/10 Limit: $5,000,000 xs $20MM

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE<br>*Fred T. Podolsky* |

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
|---|---|
| | 9/09/2009 |

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | | |
|---|---|---|---|
| New York - Executive Risk | | | |
| 99 Park Ave, Suite 1910 | | | |
| New York, NY 10016 | | | |
| James Tolfree | INSURERS AFFORDING COVERAGE | | NAIC # |
| **INSURED** | INSURER A: **Liberty Insurance Underwriters** | | 19917 |
| Freedom Communications Holdings, Inc. | INSURER B: **Arch Insurance Company** | | 21199 |
| 17666 Fitch Avenue | INSURER C: **XL Specialty Insurance Company** | | |
| Irvine, CA 92614 | INSURER D: | | |
| | INSURER E: | | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | ☐ | | | | PERSONAL & ADV INJURY | $ |
| | | ☐ | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC AUTO ONLY: AGG | $ $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | OTHER **Directors &** | LIBERTYTBD | 08/26/09 | 08/26/15 | $10,000,000 | |
| B | | **Officers** | ARCHTBD | 08/26/09 | 08/26/15 | $5,000,000 | |
| C | | **Liability** | ELU11321409 | 08/26/09 | 08/26/15 | $10,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| Evidence of Insurance | |
| | AUTHORIZED REPRESENTATIVE |
| | *Fred T. Podolphus* |

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

| | DATE (MM/DD/YYYY) |
| | 9/09/2009 |

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| New York - Executive Risk<br>99 Park Ave, Suite 1910<br>New York, NY 10016<br>James Tolfree | | |
| | INSURERS AFFORDING COVERAGE | NAIC # |
| INSURED<br><br>FREEDOM COMMUNICATIONS HOLDINGS, INC.<br>17666 FITCH AVENUE<br>Irvine, CA 92614 | INSURER A: Federal Insurance Company | |
| | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC<br>AUTO ONLY: AGG | $<br>$ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | OTHER Employed Lawyers | 81683895 | 04/01/09 | 04/01/10 | $5,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

Re: Evidence of Insurance

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. |
| | AUTHORIZED REPRESENTATIVE<br>Fred T. Podolsko |

ACORD 25 (2001/08) 1 of 2    #S9881/M9296    JRL    © ACORD CORPORATION 1988

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
9/09/2009

| PRODUCER | |
|---|---|
| New York - Executive Risk<br>99 Park Ave., Suite 1910<br>New York, NY 10016<br>James Tolfree | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. |

| | INSURERS AFFORDING COVERAGE | NAIC # |
|---|---|---|
| INSURED<br>FREEDOM COMMUNICATIONS HOLDINGS, INC.<br>17666 FITCH AVENUE<br>Irvine, CA 92614 | INSURER A: Federal Insurance Company | |
| | INSURER B: Zurich American Insurance Compa | 16535 |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY**<br>☐ COMMERCIAL GENERAL LIABILITY<br>☐ CLAIMS MADE ☐ OCCUR<br><br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>☐ POLICY ☐ PROJECT ☐ LOC | | | | EACH OCCURRENCE | $ |
| | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | | | | | PRODUCTS - COMP/OP AGG | $ |
| | | **AUTOMOBILE LIABILITY**<br>☐ ANY AUTO<br>☐ ALL OWNED AUTOS<br>☐ SCHEDULED AUTOS<br>☐ HIRED AUTOS<br>☐ NON-OWNED AUTOS | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY**<br>☐ ANY AUTO | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | | | | | OTHER THAN EA ACC<br>AUTO ONLY: AGG | $<br>$ |
| | | **EXCESS/UMBRELLA LIABILITY**<br>☐ OCCUR ☐ CLAIMS MADE<br>☐ DEDUCTIBLE<br>☐ RETENTION $ | | | | EACH OCCURRENCE | $ |
| | | | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED?<br>If yes, describe under SPECIAL PROVISIONS below | | | | ☐ WC STATU-TORY LIMITS ☐ OTHER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | OTHER Fiduciary | 81689869 | 04/01/09 | 04/01/10 | $5,000,000 | |
| B | | XS Fiduciary | 938420600 | 04/01/09 | 04/01/10 | $5,000,000 xs $5MM | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
Re: Evidence of Insurance

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br><br>AUTHORIZED REPRESENTATIVE<br>*Fred T. Podolsky* |

# ACORD™ CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
9/09/2009

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | | |
|---|---|---|---|
| New York - Executive Risk<br>99 Park Ave, Suite 1910<br>New York, NY 10016<br>James Tolfree | | | |
| | INSURERS AFFORDING COVERAGE | | NAIC # |
| INSURED<br><br>Freedom Communications Holdings, Inc.<br>17666 Fitch Avenue<br>Irvine, CA 92614 | INSURER A: Arch Insurance Group | | |
| | INSURER B: | | |
| | INSURER C: | | |
| | INSURER D: | | |
| | INSURER E: | | |

## COVERAGES

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: | | | | PRODUCTS - COMP/OP AGG | $ |
| | | ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | | |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC AUTO ONLY: | $ |
| | | | | | | AGG | $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? | | | | E.L. EACH ACCIDENT | $ |
| | | If yes, describe under SPECIAL PROVISIONS below | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | OTHER Fiduciary Liability | ARCHFIDTBD | 08/27/09 | 08/27/15 | $10,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES.<br>AUTHORIZED REPRESENTATIVE<br>*Fred T. Podolsky* |

| ACORD™ CERTIFICATE OF LIABILITY INSURANCE | DATE (MM/DD/YYYY) 9/09/2009 |
|---|---|

| PRODUCER | THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. | |
|---|---|---|
| New York - Executive Risk 99 Park Ave, Suite 1910 New York, NY 10016 James Tolfree | | |
| | INSURERS AFFORDING COVERAGE | NAIC # |
| INSURED | INSURER A: U.S. Specialty Insurance Co. | 11243 |
| FREEDOM COMMUNICATIONS HOLDINGS, INC. 17666 FITCH AVENUE Irvine, CA 92614 | INSURER B: | |
| | INSURER C: | |
| | INSURER D: | |
| | INSURER E: | |

**COVERAGES**

THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. AGGREGATE LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | ADD'L INSRD | TYPE OF INSURANCE | POLICY NUMBER | POLICY EFFECTIVE DATE (MM/DD/YY) | POLICY EXPIRATION DATE (MM/DD/YY) | LIMITS | |
|---|---|---|---|---|---|---|---|
| | | **GENERAL LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ COMMERCIAL GENERAL LIABILITY | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ |
| | | ☐ CLAIMS MADE ☐ OCCUR | | | | MED EXP (Any one person) | $ |
| | | | | | | PERSONAL & ADV INJURY | $ |
| | | | | | | GENERAL AGGREGATE | $ |
| | | GEN'L AGGREGATE LIMIT APPLIES PER: ☐ POLICY ☐ PRO-JECT ☐ LOC | | | | PRODUCTS - COMP/OP AGG | $ |
| | | **AUTOMOBILE LIABILITY** | | | | COMBINED SINGLE LIMIT (Ea accident) | $ |
| | | ☐ ANY AUTO | | | | | |
| | | ☐ ALL OWNED AUTOS | | | | BODILY INJURY (Per person) | $ |
| | | ☐ SCHEDULED AUTOS | | | | | |
| | | ☐ HIRED AUTOS | | | | BODILY INJURY (Per accident) | $ |
| | | ☐ NON-OWNED AUTOS | | | | | |
| | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | **GARAGE LIABILITY** | | | | AUTO ONLY - EA ACCIDENT | $ |
| | | ☐ ANY AUTO | | | | OTHER THAN EA ACC AUTO ONLY: AGG | $ $ |
| | | **EXCESS/UMBRELLA LIABILITY** | | | | EACH OCCURRENCE | $ |
| | | ☐ OCCUR ☐ CLAIMS MADE | | | | AGGREGATE | $ |
| | | | | | | | $ |
| | | ☐ DEDUCTIBLE | | | | | $ |
| | | ☐ RETENTION $ | | | | | $ |
| | | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY** ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? If yes, describe under SPECIAL PROVISIONS below | | | | ☐ WC STATU-TORY LIMITS ☐ OTH-ER | |
| | | | | | | E.L. EACH ACCIDENT | $ |
| | | | | | | E.L. DISEASE - EA EMPLOYEE | $ |
| | | | | | | E.L. DISEASE - POLICY LIMIT | $ |
| A | | **OTHER** Special Crime/K&R | U70885070 | 04/01/09 | 04/01/10 | $10,000,000 | |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES / EXCLUSIONS ADDED BY ENDORSEMENT / SPECIAL PROVISIONS
Re: Evidence of Insurance

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, THE ISSUING INSURER WILL ENDEAVOR TO MAIL __30__ DAYS WRITTEN NOTICE TO THE CERTIFICATE HOLDER NAMED TO THE LEFT, BUT FAILURE TO DO SO SHALL IMPOSE NO OBLIGATION OR LIABILITY OF ANY KIND UPON THE INSURER, ITS AGENTS OR REPRESENTATIVES. AUTHORIZED REPRESENTATIVE Fred T. Podolsky |

# CASH MANAGEMENT ORDER

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------- x

In re:                   :    Chapter 11

FREEDOM COMMUNICATIONS HOLDINGS, :    Case No. 09-13046 (BLS)
INC., et al.,               :

                      :    Jointly Administered

    Debtors.[1]         :

---------------------------------------------------------- x    **Docket Ref. No. 6**

### ORDER PURSUANT TO 11 U.S.C. §§ 105(a),
### 345, 363, AND 364, FED. R. BANKR. P. 6003 AND DEL. BANKR. L.R.
### 2015-2 (I) AUTHORIZING MAINTENANCE OF EXISTING BANK ACCOUNTS,
### (II) AUTHORIZING USE OF EXISTING BUSINESS FORMS, (III) AUTHORIZING
### USE OF EXISTING CASH MANAGEMENT SYSTEM, (IV) AUTHORIZING
### INTERCOMPANY TRANSACTIONS, (V) GRANTING SUPERPRIORITY STATUS TO
### INTERCOMPANY CLAIMS, AND (VI) AUTHORIZING
### CONTINUATION OF EXISTING DEPOSIT AND INVESTMENT PRACTICES

Upon the motion (the "Motion")[2] of the Debtors for an order, pursuant to

Bankruptcy Code sections 105(a), 345, 363, and 364, Bankruptcy Rule 6003, and Local Rule

2015-2 (i) authorizing, but not directing, the Debtors to continue to maintain and use their

existing cash management system and bank accounts; (ii) granting the Debtors a waiver of

certain bank account and related requirements of the Office of the United States Trustee for the

District of Delaware (the "United States Trustee") to the extent that such requirements are

inconsistent with (a) the Debtors' existing practices under the cash management system or (b)

any action taken by the Debtors in accordance with any order granting this Motion or any other

order entered in the Debtors' chapter 11 cases; (iii) authorizing, but not directing, the Debtors to

continue to use existing business forms; (iv) authorizing, but not directing, the Debtors to

continue certain ordinary course intercompany funding and other transactions; (v) according

---

[1]    See Attachment A to the Motion for the names of all Debtors in these jointly-administered cases.

[2]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

superpriority administrative expense status to postpetition intercompany claims arising from such transactions; and (vi) authorizing, but not directing, the Debtors to continue to maintain and use their existing deposit and investment practices; and the Court having reviewed the Motion and the McEachen Declaration; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED, as set forth herein.

2.      The Debtors are authorized to continue to use their existing Cash Management System and shall maintain through the use thereof detailed records reflecting all transfers of funds under the terms and conditions provided for by the existing agreements with the institutions participating in the Cash Management System, except as modified by this Order. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly.

3.      The Debtors are authorized to (a) designate, maintain and continue to use any and all of their respective operating, disbursement, corporate, depository, concentration, and other accounts (collectively, the "Bank Accounts") in existence as of the Petition Date, with the same account numbers, styles, and document forms as are currently employed, including but not limited to the accounts identified in the attachments to the Motion, (b) if necessary and upon notice to the administrative agent under the Debtors' prepetition credit facility (the

"Administrative Agent"), open new accounts wherever they are needed, whether or not such banks are designated depositories in the District of Delaware, (c) deposit funds in, and withdraw funds from, the Bank Accounts by all usual means, including checks, wire transfers, automated clearinghouse transfers, drafts, electronic fund transfers, or other items presented, issued, or drawn on the Bank Accounts, (c) pay postpetition ordinary course bank fees in connection with the Bank Accounts, (d) perform their obligations under the documents and agreements governing the Bank Accounts, and (e) treat the Bank Accounts for all purposes as accounts of the Debtors in their capacities as debtors in possession; provided, however, that the Debtors may only open new Bank Accounts with Banks that agree to be bound by the terms of this Order and, in particular, the Cash Management System. The Debtors are further authorized to close Bank Accounts in the ordinary course of business.

4.      Pursuant to Local Rule 2015-2(a), the Debtors are authorized to continue to use their existing business forms and checks without alteration or change and without the designation "Debtor-in-Possession" or a "debtor-in-possession case number" imprinted upon them. To the extent the Debtors open or close Bank Accounts, they shall provide prompt notice to the United States Trustee and any statutory committee appointed in these cases. Any new check stock used by the Debtors shall contain the designation "Debtor-in-Possession."

5.      *Nunc pro tunc* to the Petition Date, and subject to the terms of this Order, all Banks at which the Bank Accounts are maintained are authorized and directed to continue to administer, service, and maintain the Bank Accounts as such accounts were administered, serviced, and maintained prepetition, without interruption and in the ordinary course, and to pay any and all checks, wire transfers, ACH transfers, electronic funds transfers, or other items presented, issued, or drawn on the Bank Accounts; provided, however, that unless otherwise

DB02:8677676.1

068715.1001

ordered by the Court, no checks, drafts, electronic funds transfers (excluding any electronic funds transfer that the Banks are obligated to settle), or other items presented, issued, or drawn on the Bank Accounts prior to the Petition Date shall be honored.

6.    Each Bank that maintains a disbursement account shall implement reasonable handling procedures designed to effectuate the terms of this Order. No Bank that implements such handling procedures and then honors a prepetition check, wire transfer, ACH transfer, electronic funds transfer, or other item drawn on any account that is the subject of this Order (a) at the direction of the Debtors, (b) in the good-faith belief that the Court has authorized such prepetition check, wire transfer, ACH transfer, electronic funds transfer, or other item to be honored, or (c) as a result of a good faith error made despite implementation of such handling procedures, shall be deemed to be liable to the Debtors or their estates or otherwise in violation of this Order.

7.    Subject to the provisions of this Order, the Banks are authorized and directed to honor all representations from the Debtors as to which checks, wire transfers, ACH transfers, electronic funds transfers, or other items should be honored or dishonored.

8.    The Debtors are authorized to implement such reasonable changes to the Cash Management System as the Debtors may deem necessary or appropriate after providing notice to the Administrative Agent (and after receiving the consent of the Administrative Agent for any material changes), including, without limitation, closing any of the Bank Accounts or opening any additional Bank Accounts following the Petition Date (the "New Accounts"), wherever the Debtors deem that such accounts are needed or appropriate, and whether or not the banks in which the accounts are opened are designated depositories in the District of Delaware; provided that after giving effect to such changes, at least 85% of the Debtors' aggregate cash and

4

cash equivalents remain subject to valid liens in favor of the collateral agent for the benefit of the lenders under the Debtors' prepetition credit facility and remain subject to the control arrangements contemplated by that certain Amendment No. 4, Waiver and Agreement, dated as of April 29, 2009 to the Debtors' prepetition credit facility. Notwithstanding the foregoing, any New Account that the Debtors open will be (a) with a bank that is organized under the laws of the United States of America or any state therein, and that is insured by the FDIC or the Federal Savings and Loan Insurance Corporation and (b) designated a "Debtor in Possession" account by the relevant bank. The New Accounts are deemed to be Bank Accounts and are similarly subject to the rights, obligations, and relief granted in this Order. The Debtors shall provide the United States Trustee and any statutory committee appointed in these cases with prompt notice of any New Accounts that are opened. The Banks are authorized to honor the Debtors' requests to open or close (as the case may be) any Bank Account(s).

9. The bank account and related requirements of the United States Trustee are hereby waived to the extent that such requirements are inconsistent with (a) the Debtors' existing practices under the Cash Management System or (b) any action taken by the Debtors in accordance with this Order or any other order entered in these chapter 11 cases.

10. The Debtors are authorized to continue their ordinary course activities and transactions with their non-Debtor affiliates that operate as charitable organizations, including collecting and depositing funds on behalf of such charitable organizations in the applicable bank accounts that are maintained on behalf of such charitable organizations.

11. The Debtors are authorized to continue to engage in Intercompany Transactions necessary to execute the Cash Management System and manage the day-to-day operations of their businesses, and the Debtors shall continue to maintain records with respect to

5

all transfers of cash (including pursuant to such transactions) so that all Intercompany Transactions may be readily ascertained, traced, and recorded properly on applicable intercompany accounts.

12.  All claims arising from Intercompany Transactions against a Debtor by another Debtor arising after the Petition Date shall be accorded superpriority status, subject and subordinate only to (a) other valid liens in existence as of the Petition Date or granted by this Court pursuant to any cash collateral order in these chapter 11 cases; (b) any replacement liens granted by order of this Court to the Administrative Agent and the lenders under the Debtors' prepetition credit facility; and (c) any superpriority administrative expense claims granted by order of this Court to the Administrative Agent and the lenders under the Debtors' prepetition credit facility.

13.  The Debtors are authorized to deposit or invest funds in accordance with their established deposit practices in effect as of the commencement of these chapter 11 cases and, to the extent such deposit practices are not consistent with the requirements of Bankruptcy Code section 345(b) or the United States Trustee Operating Guidelines for Chapter 11 Cases, such requirements are waived, on an interim basis, without prejudice to the Debtors' right to seek a further interim waiver or final waiver, provided that the Debtors have agreed to consult with the United States Trustee during the thirty days following the entry of this Order regarding the protection of estate funds under Bankruptcy Code section 345.

14.  The Debtors shall not make distributions to partners of any Debtor partnership entities, unless otherwise ordered by this Court.

15.  Those certain existing deposit agreements between the Debtors and the Banks shall continue to govern the postpetition cash management relationship between the

Debtors and the Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect. In the course of providing cash management services to the Debtors, each of the Banks is authorized, without further Order of this Court, to deduct from the appropriate accounts of the Debtors its customary fees and expenses associated with the nature of the deposit and cash management services rendered to the Debtors, whether arising prepetition or postpetition (the "Bank Fees"), and further, to charge back to the appropriate accounts of the Debtors any amounts resulting from returned checks or other returned items, including, without limitation, returned items that result from automated clearing house transactions, wire transfers, or other electronic transfers of any kind, regardless of whether such items were deposited or transferred prepetition or postpetition and regardless of whether the returned items relate to prepetition or postpetition items or transfers.

16. The Debtors shall at all times maintain sufficient balances in accounts at each of the Banks so as to secure their obligations to the Banks for cash management and related services to the Debtors, and no liens on any Bank Account granted to any creditor shall take priority over the Bank Fees of the Bank where the account is located.

17. The Banks are authorized to debit the Debtors' accounts in the ordinary course of business and without further order of this Court on account of all checks drawn on the Debtors' accounts which are cashed at the Banks' counters or exchanged for cashier's or official checks by the payees thereof prior to the Petition Date.

18. Notwithstanding the relief granted herein, no action by any Debtor is permitted to the extent that it would be inconsistent with any cash collateral order entered by this Court and no payment shall be made by the Debtors unless (a) such payment is permitted by the

DB02:8677676.1    068715.1001

budget then in effect under the cash collateral order entered by this Court and (b) the cash collateral order is in effect and has not been terminated in accordance with its terms.

19.    Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

20.    The Debtors are hereby authorized to take such actions and to execute such documents as may be necessary to implement the relief granted by this Order. This Order, and all acts taken in furtherance of or reliance upon this Order, shall be effective notwithstanding the filing of an objection, pending the entry of a final order by this Court.

21.    This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and/or interpretation of this Order.

Dated: Wilmington, Delaware
September 2, 2009

Kevin J. Carey
United States Bankruptcy Judge

DB02:8677676.1                                           068715.1001

# RETAINERS PAID
# (FORM IR-2)

Freedom Communications Holdings, Inc., et al.
Detail of Retainers Paid to Restructuring Professionals

| Payee | Date | Payment Method | Amount | Applied to Date | Balance |
|---|---|---|---|---|---|
| AlixPartners, LLC | See Note 1 | | $250,000 | ($150,000) | $100,000 |
| Houlihan Lokey Howard & Zukin Capital, Inc. | 8/27/09 | Wire | 400,000 | 0 | 400,000 |
| Latham & Watkins LLP | 8/26/09 | Wire | 750,000 | (250,000) | 500,000 |
| Logan & Company, Inc. | 8/26/09 | Wire | 50,000 | 0 | 50,000 |
| Sitrick and Company | 8/27/09 | ACH | 73,000 | 0 | 73,000 |
| Young Conaway Stargatt & Taylor, LLP | 8/26/09 | Wire | 176,950 | (112,036) | 64,914 |
| | | | $1,699,950 | ($512,036) | $1,187,914 |

NOTE 1: Initial retainer of $150,000 paid 7/25/08. Supplemental retainer of $100,000 paid 12/12/08.
Retainer reduced by $150,000 on 6/19/09.