# Exhibit A

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                      : Chapter 11
                                                            :
FREEDOM COMMUNICATIONS HOLDINGS,                            : Case No. 09-13046 (BLS)
INC., et al.,                                               :
                                                            : Jointly Administered
                      Debtors.                              :
------------------------------------------------------------ x Docket Ref. No.

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF DIRKS, VAN ESSEN & MURRAY AS SALE ADVISOR PURSUANT TO 11 U.S.C. §§ 327(A), 328 (A) AND 1107, FED. R. BANKR. P. 2014(A) AND DEL. BANKR. L.R. 2014-1 *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order authorizing the Debtors to employ and retain Dirks, Van Essen & Murray ("DV&M") as sale advisor for the Debtors, *nunc pro tunc* to the Petition Date, pursuant to sections Bankruptcy Code sections 327(a), 328(a), and 1107, Bankruptcy Rule 2014(a), and Local Rule 2014-1; and upon consideration of the Declaration of Philip W. Murray (the "Murray Declaration") and the Declaration of Mark McEachen; and the Court being satisfied based on the representations made in the Application and the Murray Declaration that DV&M is "disinterested" as that term is defined under Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and it appearing that the relief requested is necessary and in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Application is granted.

2. In accordance with Bankruptcy Code sections 327(a) and 328(a), the Debtors are authorized to employ and retain DV&M as their sale advisor on the terms set forth in the Engagement Letter, *nunc pro tunc* to the Petition Date.

3. DV&M will not be required to file interim fee applications pursuant to sections 330 and 331 of the Bankruptcy Code, and that DV&M will be compensated for its services pursuant to the following procedures:

- The Debtors will request the Court's allowance of DV&M's Commission either (i) as part of a motion, if one is deemed to be necessary under the Bankruptcy Code, requesting the Court's approval of the sale of the Phoenix Properties or (ii) if such Court approval is not required, by filing a notice after consummation of the sale of the Phoenix Properties setting forth the Commission to be paid to DV&M with respect thereto (the "Commission Notice") and serving the Commission Notice on all parties entitled to receive notice in these cases.

- Parties will have ten (10) days after the filing of the Commission Notice to file an objection to any portion of the Commission and serve the objection on the Debtors and DV&M. Any objection to the Commission Notice shall set forth the amount of the Commission to which the party is objecting and the reasons for the objection.

- If no party timely files and serves an objection to the Commission Notice, the Debtors shall be authorized to pay the Commission to DV&M without further notice or authorization from the Court.

- If any party files a timely objection to the Commission Notice, the Debtors shall be authorized to pay, without further notice or authorization from the Court, (i) any portion of the Commission to which any party filing the objection has not objected and (ii) any portion of the Commission to which the Debtors, DV&M, and the objecting party or parties have agreed in writing may be paid. If the Debtors, DV&M, and the objecting party or

parties are unable to resolve the objection, the Debtors or DV&M may schedule a hearing for the Court to determine the objection.

4. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: _____, 2009
       Wilmington, Delaware

_____
Brendan L. Shannon
United States Bankruptcy Judge