# Exhibit A

# Proposed Order

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------------- x
In re:                                           : Chapter 11
                                                 :
FREEDOM COMMUNICATIONS HOLDINGS, : Case No. 09-13046 (BLS)
INC., et al.,                                    :
                                                 : Jointly Administered
                Debtors.                         :
                                                 :
---------------------------------------------------------------- x Docket Ref. No.

### ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF HOULIHAN LOKEY HOWARD & ZUKIN CAPITAL, INC. AS INVESTMENT BANKERS AND FINANCIAL ADVISORS PURSUANT TO 11 U.S.C. §§ 327(a), 328(a), AND 1107 AND FED. R. BANKR. P. 2014(A) AND DEL. BANKR. L.R. 2014-1, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application")[1] of the above-captioned debtors and debtors-in-possession (collectively, the "Debtors") for entry of an order (the "Order") authorizing the Debtors to employ and retain Houlihan Lokey Howard & Zukin Capital, Inc. ("Houlihan Lokey") as investment bankers and financial advisors for the Debtors, *nunc pro tunc* to the Petition Date; pursuant to sections Bankruptcy Code sections 327(a), 328(a), and 1107, Bankruptcy Rule 2014(a), and Local Rule 2014-1; and upon consideration of the Declaration of Eric Winthrop (the "Winthrop Declaration"); and the Court being satisfied based on the representations made in the Application and the Winthrop Declaration that Houlihan Lokey is "disinterested" as that term is defined under Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b); and it appearing that the relief requested is necessary and in the best interests of the Debtors' estates, their creditors, and other parties-in-interest; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§

---

[1] Capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Application.

157 and 1334; and it appearing that this Application is a core proceeding pursuant to 28 U.S.C. § 157; and adequate notice of the Application and opportunity for objection having been given; and it appearing that no other notice need be given; and after due deliberation and sufficient cause therefor, it is hereby:

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The Application is granted.

2. In accordance with Bankruptcy Code section 327(a) and 328(a), the Debtors are authorized to employ and retain Houlihan Lokey as their investment bankers and financial advisors *nunc pro tunc* to the Petition Date.

3. Houlihan Lokey will file fee applications for interim and final allowance of compensation and reimbursement of expenses pursuant to the procedures set forth in Bankruptcy Code sections 330 and 331; provided, however, that Houlihan Lokey shall be compensated and reimbursed pursuant to Bankruptcy Code section 328(a) in accordance with the terms of the Agreement, and subject to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and any other applicable orders of this Court; provided, further, that Houlihan Lokey's fees and expenses shall not be evaluated under the standard set forth in Bankruptcy Code section 330.

4. The indemnification provisions of the Agreement are approved, subject to the following modifications:

   a. subject to the provisions of subparagraph (c), infra, the Debtors are authorized to indemnify, and shall indemnify, Houlihan Lokey in accordance with the Agreement for any claim arising from, related to, or in connection with the services provided for in the Agreement, but not for any claim arising from, related to, or in connection with Houlihan Lokey's postpetition performance of any other services unless such postpetition services and indemnification therefore are approved by the Bankruptcy Court;

b. notwithstanding any provisions of the Agreement to the contrary, the Debtors shall have no obligation to indemnify Houlihan Lokey or provide contribution or reimbursement to Houlihan Lokey (i) for any claim or expense that is judicially determined (the determination having become final) to have arisen from Houlihan Lokey's bad faith, self dealing, breach of fiduciary duty (if any), gross negligence, or willful misconduct, (ii) for a contractual dispute in which the Debtors allege the breach of Houlihan Lokey's contractual obligations unless the Court determines that indemnification, contribution, or reimbursement would not be prohibited by In re United Artists Theatre Company, et al., 315 F.3d 217 (3d Cir. 2003), or (iii) for any claim or expense that is settled prior to a judicial determination as to the exclusions set forth in clauses (i) and (ii) above, but determined by the Court, after notice and a hearing pursuant to subparagraph (c) infra, to be a claim or expense for which Houlihan Lokey should not receive indemnity, contribution or reimbursement under the terms of the Agreement, as modified by this Order;

c. if, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, Houlihan Lokey believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification, contribution and/or reimbursement obligations under the Agreement, including without limitation the advancement of defense costs, Houlihan Lokey must file an application therefore in this court, and the Debtors may not pay any such amounts to Houlihan Lokey before the entry of an order by this Court approving such payment. This subparagraph (c) is intended only to specify the period during which the Court shall have jurisdiction over any request for indemnification, contribution or reimbursement by Houlihan Lokey and not a provision limiting the duration of the Debtors' obligation to indemnify Houlihan Lokey; and

d. any limitation on liability pursuant to the terms of the Agreement shall be eliminated.

5. Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. Notwithstanding anything to the contrary contained herein, any payment to be made, or authorization contained, hereunder shall be subject to the requirements imposed on the Debtors under any approved debtor-in-possession financing facility, or budget in connection therewith, or any order regarding the use of cash collateral.

7. Nothing in the Application or this Order, nor as a result of the Debtors' payment of claims pursuant to this Order, shall be deemed or construed as: (a) an admission as to the validity or priority of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim; or (c) an approval or assumption of any agreement, contract or lease pursuant to Bankruptcy Code section 365.

8. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

9. To the extent that this Order is inconsistent with any prior order or pleading with respect to the Application in these cases, the terms of this Order shall govern.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated: October __, 2009
Wilmington, Delaware

_____
Brendan L. Shannon
United States Bankruptcy Judge