## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | : Chapter 11 |
| | : |
| FREEDOM COMMUNICATIONS HOLDINGS, INC., et al.,[1] | : Case No. 09-13046 (BLS) |
| | : |
| | : (Jointly Administered) |
| Debtors. | : |
| | : Objections Due: October 10, 2009 at 4:00 p.m. |
| | : Hearing Date: October 14, 2009 at 10:00 a.m. |

### APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING AND APPROVING THE EMPLOYMENT OF PACHULSKI STANG ZIEHL & JONES LLP AS COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS *NUNC PRO TUNC* TO SEPTEMBER 9, 2009

The Official Committee of Unsecured Creditors (the "Committee") of Freedom

Communications Holdings, Inc. and its related debtors entities (collectively, the "Debtors") in

the above-captioned cases hereby submits its application (this "Application") for the entry of an

order authorizing and approving the employment of Pachulski Stang Ziehl & Jones LLP ("PSZJ"

or the "Firm") as counsel to the Committee in connection with the Debtors' chapter 11 cases (the

"Cases"), *nunc pro tunc* to September 9, 2009, pursuant to sections 328(a) and 1103(a) of title 11

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identifications numbers are: Freedom Communications Holdings, Inc (2814); Freedom Communications, Inc. (0750); Freedom Broadcasting, Inc. (0025); Freedom Broadcasting of Florida, Inc. (6581); Freedom Broadcasting of Florida Licensee, LLC (1198); Freedom Broadcasting of Michigan, Inc. (6110); Freedom Broadcasting of Michigan Licensee, LLC (1122); Freedom Broadcasting of New York, Inc. (6522); Freedom Broadcasting of New York Licensee, LLC (9356); Freedom Broadcasting of Oregon, Inc. (7291); Freedom Broadcasting of Oregon Licensee, LLC (9295); Freedom Broadcasting of Southern New England, Inc. (7274); Freedom Broadcasting of Southern New England Licensee, LLC (1177); Freedom Broadcasting of Texas, Inc. (2093); Freedom Broadcasting of Texas Licensee, LLC (1147); Freedom Broadcasting of Tennessee, Inc. (7961); Freedom Broadcasting of Tennessee Licensee, LLC (9430); Freedom Magazines, Inc. (0328); Freedom Metro Information, Inc. (1604); Freedom Newspapers, Inc. (3240); Orange County Register Communications, Inc. (7980); OCR Community Publications, Inc. (9752); OCR Information Marketing, Inc. (7983); Appeal-Democrat, Inc. (4121); Florida Freedom Newspapers, Inc. (4227); Freedom Arizona Information, Inc. (5796); Freedom Colorado Information, Inc. (7806); Freedom Eastern North Carolina Communications, Inc. (5563); Freedom Newspapers of Illinois, Inc. (2222); Freedom Newspapers of Southwestern Arizona, Inc. (5797); Freedom Shelby Star, Inc. (8425); Illinois Freedom Newspapers, Inc. (8308); Missouri Freedom Newspapers, Inc. (8310); Odessa American (7714); The Times-News Publishing Company (0230); Victor Valley Publishing Company (6082); Daily Press (3610); Freedom Newspaper Acquisitions, Inc. (4322); The Clovis News-Journal (5820); Freedom Newspapers of New Mexico, LLC (5360); Gaston Gazette LLP (4885); Lima News (6918); Porterville Recorder Company (7735); Seymour Tribune Company (7550); Victorville Publishing Company (7617); Freedom Newspapers (7766); The Creative Spot, LLC (2420); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Services, Inc. (3125). The address for Freedom Communications Holdings, Inc. and certain other Debtors is 17666 Fitch, Irvine, California 92614.

of the United States Code, 11 U.S.C. §§ 101 et seq. (as amended, the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Local Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Bankruptcy Rules"), and in support of the relief sought in the Application, the Committee submits the affidavit of Robert J. Feinstein, a partner of the Firm (the "Feinstein Affidavit"), attached hereto as **Exhibit A** and incorporated herein by reference. In further support of the Application, the Committee respectfully states as follows:

## JURISDICTION AND VENUE

1.     This Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue of these Cases and this Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 328(a) and 1103(a) of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Bankruptcy Rule 2014-1.

## BACKGROUND

2.     On September 1, 2009 (the "Petition Date"), the Debtors filed voluntary petitions in this Court for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware.

3.     The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of these Cases, is set forth in detail in the Declaration of Mark A. McEachen, Senior Vice President and Chief Financial Officer of Freedom Communications Holdings, Inc., in Support of Chapter 11 Petitions and First Day Pleadings filed on the Petition Date [Docket No. 2].

4.     By Order dated September 2, 2009, these Cases are being jointly administered for procedural purposes. The Debtors continue to operate their businesses and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. As of the date hereof, neither a trustee nor an examiner has been appointed by the Office of the United States Trustee (the "U.S. Trustee") in these Cases.

5.     On September 9, 2009, the U.S. Trustee appointed the Committee pursuant to sections 1102(a) and 1102(b)(1) of the Bankruptcy Code. The Committee is presently composed of the following five creditors: (i) Alan J. Bell; (ii) Nelson Gonzalez; (iii) Pension Benefit Guaranty Corporation; (iv) Pitman Co.; and (v) Telerep LLC.

6.     On September 9, 2009, the Committee held its organizational meeting and, among other things, decided to retain the Firm as its counsel.

7.     The Firm has over 65 attorneys with a practice concentrated on reorganization, bankruptcy, litigation and commercial matters. The Firm's attorneys have extensive experience representing creditors' committees, debtors, creditors, trustees and others in a wide variety of bankruptcy cases. Attorneys of the Firm have extensive experience representing creditors committees in chapter 11 cases, including Flying J Inc., JHT Holdings, Inc., Jevic Holding Corp., Movie Galley, Inc., Circuit City Stores, Inc., Empire Beef Co., Inc., and Agway, Inc., among others. Based on these facts, the Committee believes that the Firm is well-qualified to render the services described below. More information on the Firm is available at its website, www.pszjlaw.com.

**RELIEF REQUESTED**

8.     By this Application, the Committee respectfully requests that the Court enter an order, substantially in the form annexed hereto, pursuant to sections 328(a) and 1103(a)

of the Bankruptcy Code, Bankruptcy Rules 2014 and 5002, and Local Bankruptcy Rule 2014-1, authorizing the Committee to employ and retain the Firm as its bankruptcy counsel in these Cases. The Committee seeks to retain the Firm *nunc pro tunc* to September 9, 2009 because the Firm began providing services to the Committee as of such date. The Committee believes that such *nunc pro tunc* retention is appropriate in these Cases because the Committee required effective representation prior to such time as a retention application could be submitted to the Court due to the exigencies of these Cases, and the Firm has been providing services to the Committee since September 9, 2009.

## SERVICES TO BE RENDERED

9.      Subject to further order of this Court, the Firm is expected to render, among other services, the following services to the Committee:

a.      Assisting, advising and representing the Committee in its consultations with the Debtors regarding the administration of these Cases;

b.      Assisting, advising and representing the Committee with respect to the Debtors' retention of professionals and advisors with respect to the Debtors' businesses and these Cases;

c.      Assisting, advising and representing the Committee in analyzing the Debtors' assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

d.      Assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtors' rights and obligations under leases and other executory contracts;

e.      Assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtors, the Debtors' operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

f.  Assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of liquidation or reorganization;

g.  Advising the Committee on the issues concerning the appointment of a trustee or examiner under Section 1104;

h.  Assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

i.  Assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters, including avoidance actions; and

j.  Providing such other services to the Committee as may be necessary in these Cases.

## DISINTERESTEDNESS OF PROFESSIONALS

10.  To the best of the Committee's knowledge, and based upon the Feinstein Affidavit, neither the Firm nor any of its attorneys has any connection with any party in interest, their attorneys or accountants, other than as set forth in the Feinstein Affidavit.

11.  To the best of the Committee's knowledge, except as provided in the Feinstein Affidavit, neither the Firm, nor any of its attorneys represents any interest adverse to that of the Debtors' estates or the Committee or the creditors represented by the Committee in the matters on which the Firm has been and is to be retained, and the Firm's attorneys are disinterested persons under section 101(14) of the Bankruptcy Code.

12.  While the Firm has undertaken, and continues to undertake, efforts to identify connections with the Debtors and other parties-in-interest, it is possible that connections with some parties-in-interest have not yet been identified. Should the Firm, through its continuing efforts or as these Cases progress, learn of any new connections of the nature

described above, the Firm will promptly file supplemental declarations, as required by Bankruptcy Rule 2014(a).

13.     The Firm represents many committees in other bankruptcy cases, and the members of those committees or those estates may be creditors of the Debtors. However, the Firm will not represent any members of those committees with respect to any claims that they may have collectively or individually against the Debtors.

## PROFESSIONAL COMPENSATION

14.     The Committee desires to employ the Firm with reasonable fees to be determined by the Court. No compensation will be paid to the Firm except upon compliance with the Bankruptcy Code, the Bankruptcy Rules and the Local Bankruptcy Rules, and this Court's Orders. The Firm has received no retainer in this case. Neither the Committee nor any of its members (or their representatives) is or will be liable for any fees or costs incurred by the Firm in its representation of the Committee. The principal attorneys and paralegals presently designated to represent the Committee and their current standard hourly rates are:

| | | |
|---|---|---|
| a. | Robert J. Feinstein | $825.00 per hour |
| b. | Alan J. Kornfeld | $775.00 per hour |
| c. | Jeffrey N. Pomerantz | $725.00 per hour |
| d. | Bruce Grohsgal | $625.00 per hour |
| e. | Beth E. Levine | $525.00 per hour |
| f. | Kathleen P. Makowski | $425.00 per hour |
| g. | David A. Abadir | $395.00 per hour |
| h. | Mark M. Billion | $375.00 per hour |
| i. | Monica A. Molitor | $225.00 per hour |

15.     The hourly rates set forth above are the Firm's standard hourly rates for work of this nature. These rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.[2]

## NOTICE

16.     Notice of this Application has been given to the following parties or, in lieu thereof, to their counsel, if known: (i) counsel to the Debtors; (ii) the Office of the United States Trustee for this District; (iii) counsel to the Debtors' prepetition lenders; and (iv) all parties requesting notice pursuant to Bankruptcy Rule 2002. The Committee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

17.     No prior request for the relief sought in this Application has been made to this Court or any other court.

**WHEREFORE,** the Committee respectfully requests that this Court enter an Order approving the employment of the Firm as counsel to the Committee, *nunc pro tunc* to September 9, 2009, to render services as described above with compensation to be paid as an administrative expense in such amounts as this Court may hereafter determine and allow; and grant the Committee such other and further relief as the Court deems just and proper. A form of order is submitted herewith for the Court's review and consideration.

---

[2]     These rates are subject to periodic adjustments to reflect economic and other conditions. Other attorneys and paralegals may from time to time serve the Committee in connection with the matters described herein, and the Firm will charge its standard hourly rates for their services.

Dated: September 24, 2009

THE OFFICIAL COMMITTEE OF
UNSECURED CREDITORS FOR FREEDOM
COMMUNICATIONS HOLDINGS, INC. et al.

By: _____
Pam D'Elia, Co-Chair
Telerep LLC

By: _____
Dan Callahan, Co-Chair
Attorney for Nelson Gonzalez

DOCS_NY:18809.1