IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| Freedom Communications Holdings, | : | |
| Inc., *et al.* | : | |
| | : | |
| | : | Bankruptcy No. 09-13046-BLS |
| | : | |
| Debtor(s), | : | Jointly Administered |

Hearing Date: October 14, 2009 @ 10:00 a.m.
Objection Deadline: October 13, 2009 @ 4:00 p.m.

**ACTING UNITED STATES TRUSTEE'S OMNIBUS OBJECTION TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS OBJECTION TO MOTION OF DEBTORS FOR INTERIM AND FINAL ORDERS (I) AUTHORIZING USE OF PREPETITION LENDERS' CASH COLLATERAL UNDER 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363, AND (III) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 400(b) AND DEL. BANKR. L.R. 4001-2; TO MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS OBJECTION TO SUPPLEMENT TO DEBTORS'FIRST DAY EMPLOYEE MOTION WITH RESPECT TO PENDING APPROVAL OF CERTAIN BONUS AND SEVERANCE PAYMENTS; TO MOTION OF MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO FILE UNDER SEAL ITS MOTION FOR RECONSIDERATION OF INTERIM ORDER (I) AUTHORIZING USE OF PREPETITION LENDERS' CASH COLLATERAL UNDER 11 U.S.C. § 363, (II) GRANTING ADEQUATE PROTECTION PURSUANT TO 11 U.S.C. §§ 361, 362 AND 363, AND (III) SCHEDULING A FINAL HEARING UNDER BANKRUPTCY RULE 400(b) AND DEL. BANKR. L.R. 4001-2 (D.E. 213, D.E. 224, D.E. 231)**

In support of her Objection to the Motion of the Official Committee of Unsecured Creditors to File under Seal its Objection to Motion of Debtors for Interim and Final Orders (I) Authorizing Use of Prepetition Lenders' Cash Collateral under 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362 and 363, and (III) Scheduling a Final Hearing under Bankruptcy Rule 400(b) and Del. Bankr. L.R. 4001-2; to Motion of the Official Committee of Unsecured Creditors to File under Seal its Objection to Supplement to Debtors' First Day Employee Motion with Respect to Pending Approval of Certain Bonus and Severance Payments; to

Motion of Motion of the Official Committee of Unsecured Creditors to File under Seal its Motion for Reconsideration of Interim Order (I) Authorizing Use of Prepetition Lenders' Cash Collateral under 11 U.S.C. § 363, (II) Granting Adequate Protection Pursuant to 11 U.S.C. §§ 361, 362 and 363, and (III) Scheduling a Final Hearing under Bankruptcy Rule 400(b) and Del. Bankr. L.R. 4001-2 (D.E. 213, D.E. 224, D.E. 231"Motions" of "Motions to Seal"), Roberta A. DeAngelis, Acting United States Trustee for Region 3 ("UST"), by undersigned counsel, avers:

1. This Court has jurisdiction to hear this Response.

2. Pursuant to 28 U.S.C. § 586, the UST is charged with overseeing the administration of Chapter 11 cases filed in this judicial district. This duty is part of the UST's overarching responsibility to enforce the bankruptcy laws as written by Congress and interpreted by the courts. *See United States Trustee v. Columbia Gas Sys., Inc. (In re Columbia Gas Sys., Inc.),* 33 F.3d 294, 295-96 (3d Cir. 1994) (noting that UST has "public interest standing" under 11 U.S.C. § 307, which goes beyond mere pecuniary interest); *Morgenstern v. Revco D.S., Inc. (In re Revco D.S., Inc.)*, 898 F.2d 498, 500 (6th Cir. 1990) (describing the UST as a "watchdog").

3. The UST has standing to be heard with regard to this Response. 11 U.S.C. § 307.

4. The Motions to Seal are based exclusively upon the Committee's assertion that: "The Debtors designated all of that information as "confidential", and pursuant to a confidentiality agreement between the Debtors and the Committee, the public disclosure of such information is restricted and the Committee is obligated, subject to the Court's approval, to file such information under seal." (D.E. 213 at paragraph 10).

5. It is the position of the United States Trustee that the Motions are not supported by the Bankruptcy Code or the Federal Rules of Bankruptcy Procedure.

**ARGUMENT**

**Sealing Facts Required to be Disclosed Violates the Public Policy of Full Disclosure; 11 U.S.C. Section 107(b) and FRBP 9018 Do not Apply**

6.  The UST has not been provided with unredacted copies of the underlying Motions and pleadings sought to be sealed, and so, it is impossible to ascertain the extent to which the underlying Motions may contain confidential or proprietary information within the meaning of either Bankruptcy Code Section 107(b) or Federal Rule of Bankruptcy Procedure ("FRBP") 9018. However, the thrust of the Motions suggest that some or all of the material sought to be sealed is not material that might be subject to sealing pursuant to either of Bankruptcy Code Section 107(b) or FRBP 9018.

7.  The Supreme Court stated in *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 591 (1978): "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." Unanimity in the case law demonstrates that there is a common law right of access to judicial proceedings and to inspect judicial records in civil matters. In *Orion Pictures Corp. v. Video Software Dealers Assoc.*, 21 F.3d 24 (Cir. 2 1994), the Court stated the general rule as: "...a strong presumption of public access to court records...This preference for public access is rooted in the public's first amendment right to know about the administration of justice. It helps safeguard the 'integrity, quality, and respect in our judicial system." 21 F. 3d 24, 26 (citations omitted). See also, *In re Continental Airlines,* 150 B.R. 334 (D. De. 1993), where the court noted "...the strong presumption in favor of public access to judicial records and papers...". Accord, *In re Foundation for New Era Philanthropy,* 1995 WL 478841 (E.D. Pa. 1995); *In re Barney's Inc.,* 201 B.R. 703 (Bankr. S.D.N.Y. 1996).

8.  In *In re Foundation for New Era Philanthropy,* 1995 WL 478841 (Bankr. E.D. Pa.), the Court examined a request to place under seal the creditor lists required to be filed pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 1007. The Debtor claimed that it had a need to keep its list of donors anonymous. The Court rejected the request, stating:

> "The provision [Section 107(b)] was not intended to save the debtor or its creditors from embarrassment, or to protect their privacy in light of countervailing statutory, constitutional and policy concerns...Full disclosure of bankruptcy records may help insure that the bankruptcy statute is applied effectively in this case...Thus, there are significant public concerns which favor full public access to all documents filed in this case." 1995 WL 478841, 4-5.

9.  In the bankruptcy context, limited exceptions to the general rule are contained in the Code and Rules. Bankruptcy Code §107(b) provides as follows:

> On request of a party in interest, the bankruptcy court shall, and on the bankruptcy court's own motion, the bankruptcy court may-
>
> (1) protect an entity; with respect to a trade secret or confidential research, development, or commercial information; or
>
> (2) protect a person with respect to scandalous or defamatory matter contained in a paper filed in a case under this title.

FRBP 9018 essentially incorporates the substance of Section 107(b), and adds to the type of matters subject to seal, the protection of "...governmental matters that are made confidential by statute or regulation." This item is not applicable in the present case as governmental matters are not implicated.

10.  As exceptions to the common law rule, the burden is on the moving party to show that a request to place documents under seal falls within the parameters of Bankruptcy Code Section 107(b) and FRBP 9018 by demonstrating that: "...that the interest in secrecy outweighs the

presumption in favor of access." *See In re Continental Airlines,* 150 B.R. 334 (D. De. 1993). The inquiry then is whether or not the matter sought to be placed under seal fits within any of the categories included within either of Section 107(b) or FRBP 9018. There is no showing in the Motions that any of the information sought to be protected falls within any of the enumerated categories. The Motions are based upon the Committee's confidentiality agreement with the Debtors. A confidentiality agreement is not a basis to seal facts unless those facts fall within the parameters of the pertinent Code Section or FRBP.

11. In *Orion*, supra, Court defined commercial information as: "...information which would cause an 'unfair advantage to competitors by providing them information as to the commercial operations of the debtor." (21 F. 3d 24, 27 (citations omitted). In that case, the Court determined that Section 107(b) applied to a promotional agreement between the debtor and McDonald's, because the information in the agreement, if disclosed, could adversely impact the debtor's ability to negotiate future promotion agreements, thus giving competitors an unfair advantage. *In re Alterra Healthcare Corp.*, 353 B.R. 66 (Bankr. D. Del. 2006), adopted the *Orion* definition of protectable confidential or commercial information. In the Motion, a significant amount of the alleged Confidential Material is historical, concerning transactions that took place prior to the filing in 2006 and later.

12. In a somewhat related situation, an effort to place the report of a fee examiner under seal pursuant to Section 107(b) or FRBP 9018 was rejected by the Court in *In re Continental Airlines*, 150 B.R. 334 (D. De. 1993). In this case, the District Court found that the Bankruptcy Court had abused its discretion in ordering the report placed under seal and reversed the lower court. The Court rejected any claim of potential scandalous or defamatory possibilities, stating:

> "If such legal recommendations and assertions, required to be rendered by statutory and case law authority, were sealed, based on nothing more than the mere possibility that they contain 'defamatory' assertions, the judicial system would be thwarted in its mandated responsibility to supervise litigation expenses...clearly the public's interest in seeing that the judicial mandate to control litigation expenses far outweighs any private interest in secrecy..." 150 B.R. 334, 341.

The Court then quoted directly from the United States' brief:

> "[It] is disingenuous...for [appellees] and [their] lawyers to argue that they...should be the sole guardians of the only prejudicial, independent analysis of their attorneys'...conduct. Indeed, it follows without any thought whatsoever that the Court's truth-finding process (not to mention the efficient administration of the Bankruptcy Code) can only be enhanced by the wide dissemination of the [fee reviewer's] reports..." 150 B.R. 334, 341.

13. There was no basis to seal a fee examiner's report from public view in *Continental Airlines, supra*. Likewise here, "...the Court's truth-finding process (not to mention the efficient administration of the Bankruptcy Code)..." (150 B.R. 334, 341) requires full disclosure.

14. The Third Circuit has not addressed Section 107(b) or FRBP 9018, but it has examined the common law right of public access in the context of confidential settlement agreements. In *Pansy v. Borough of Stroudsburg*, 23 F. 3d 772 (3 Cir. 1994), the news media sought an order challenging the sealing of a settlement agreement in a civil rights case between Stroudsburg and its former police chief. The court reaffirmed the common law rule: "We have previously recognized a right of access to judicial proceedings and judicial records, and this right of access is 'beyond dispute'. (23 F. 3d 772, 780-781). In the absence of provisions or rules like Bankruptcy Code Section 107(b) or FRBP 9018, the Third Circuit adopted a balancing test between the need for confidentiality or privacy and the right to know, concluding: "If a settlement agreement involves issues or parties of a public nature, and involves matters of legitimate public

concern, that should be a factor weighing against entering or maintaining an order of confidentiality." (23 F.3d 772, 788). Granting the Motions will result in subsequent efforts to close the courtroom during the hearings on the Motions, matters of public interest to all creditors and parties in interest in this estate. Scrutiny of executive compensation, particularly bonuses, is in the public eye, as are the terms of the Debtors's financing arrangements with its lenders. Nothing could be of a more legitimate present public concern in a bankruptcy case than a request to pay millions of dollars in bonuses to senior executives and senior management, or the terms of the Debtors' secured financing arrangements in place during the pendency of these cases.

15. In each of the above cases in which the moving party sought to seal documents to otherwise escape the disclosure requirements of various Bankruptcy Code sections or rules, such as FRBP 1007 in *New Era, supra,* or the fee examiner's report in *Continental Airlines, supra,* the Court rejected the requests. The underlying policies of Sections 107 and FRBP 9018, as enumerated above, compel a finding that the Motions should not be granted, where the sole or primary basis of the Motions is based upon a confidentiality agreement.

16. Designating information confidential is not an enumerated category in either of Bankruptcy Code Section 107 or FRBP 9018. The Committee has noted, in various pleadings and other communications before the Court, that the Debtors have allegedly marked more than one million pages of documents as confidential, allegedly without regard to whether or not a document is confidential or privileged within the meaning of applicable law. Some of the material allegedly designated as Confidential Material undoubtedly includes information required to be disclosed in the Debtor's Statement of Financial Affairs or Schedules of Assets and Liabilities which have yet to be filed in this case. This information, for example, includes disclosure of all the Debtor's

officers and the compensation received by them in the year preceding the filing of these Chapter 11 cases. It cannot be contended that this required public information is somehow transformed into non-public information simply by so designating.

17. Furthermore, even if the Committee can successfully demonstrate that some of the alleged Confidential Material is protected under section 107(b) or Rule 9018, the relief granted should be narrowly tailored. *See In re Lomas Financial Corporation*, 1991 WL 21231, at *2 (S.D.N.Y. 1991). Denial of the Motion will provide the greatest public access to the hearing on the Motions, but is without prejudice to any party seeking appropriate relief with respect to specific individuals or specific testimony at an appropriate stage in the proceeding.

18. The United States Trustee leaves the Committee to its burden on proof, and reserves all discovery rights.

WHEREFORE, the UST respectfully prays this Honorable Court to deny the Motions to Seal and for such other relief at law and in equity as this Honorable Court may deem proper.

Respectfully submitted,

**Roberta A. DeAngelis**
**ACTING UNITED STATES TRUSTEE REGION THREE**

DATED: October 13, 2009        **BY:** _____/s/_____
David L. Buchbinder, Esquire
Trial Attorney
Office of the United States Trustee
J. Caleb Boggs Federal Building
844 King Street, Suite 2207
Wilmington, DE 19801
(302) 573-6491
(302) 573-6497 (Fax)