IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------ x
In re:                                                       :   Chapter 11
                                                             :
FREEDOM COMMUNICATIONS HOLDINGS,                             :   Case No. 09-13046 (BLS)
INC., et al.,                                                :
                                                             :   Jointly Administered
                    Debtors.[1]                              :
                                                             :   **Docket Ref. No. 182**
------------------------------------------------------------ x

## ORDER PURSUANT TO 11 U.S.C. §§ 501, 502, 503, AND 1111(a), FED. R. BANKR. P. 2002 AND 3003(c)(3) AND DEL. BANKR. L.R. 2002-1(e) ESTABLISHING BAR DATES FOR FILING CLAIMS AND APPROVING FORM AND MANNER OF NOTICE THEREOF

Upon the motion (the "Motion")[2] of the Debtors for entry of an order under Bankruptcy Code sections 501, 502, 503, and 1111(a), Bankruptcy Rules 2002 and 3003(c)(3), and Local Rule 2002-1(e) (i) establishing deadlines for filing Proofs of Claim and 503(b)(9) Requests for Payment against the Debtors in these chapter 11 cases and (ii) approving the form

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number are: Freedom Communications Holdings, Inc. (2814); Freedom Communications, Inc. (0750); Freedom Broadcasting, Inc. (0025); Freedom Broadcasting of Florida, Inc. (6581); Freedom Broadcasting of Florida Licensee, L.L.C. (1198); Freedom Broadcasting of Michigan, Inc. (6110); Freedom Broadcasting of Michigan Licensee, L.L.C. (1122); Freedom Broadcasting of New York, Inc. (6522); Freedom Broadcasting of New York Licensee, L.L.C. (9356); Freedom Broadcasting of Oregon, Inc. (7291); Freedom Broadcasting of Oregon Licensee, L.L.C. (9295); Freedom Broadcasting of Southern New England, Inc. (7274); Freedom Broadcasting of Southern New England Licensee, L.L.C. (1177); Freedom Broadcasting of Texas, Inc. (2093); Freedom Broadcasting of Texas Licensee, L.L.C. (1147); Freedom Broadcasting of Tennessee, Inc. (7961); Freedom Broadcasting of Tennessee Licensee, L.L.C. (9430); Freedom Magazines, Inc. (0328); Freedom Metro Information, Inc. (1604); Freedom Newspapers, Inc. (3240); Orange County Register Communications, Inc. (7980); OCR Community Publications, Inc. (9752); OCR Information Marketing, Inc. (7983); Appeal-Democrat, Inc. (4121); Florida Freedom Newspapers, Inc. (4227); Freedom Arizona Information, Inc. (5796); Freedom Colorado Information, Inc. (7806); Freedom Eastern North Carolina Communications, Inc. (5563); Freedom Newspapers of Illinois, Inc. (2222); Freedom Newspapers of Southwestern Arizona, Inc. (5797); Freedom Shelby Star, Inc. (8425); Illinois Freedom Newspapers, Inc. (8308); Missouri Freedom Newspapers, Inc. (8310); Odessa American (7714); The Times-News Publishing Company (0230); Victor Valley Publishing Company (6082); Daily Press (3610); Freedom Newspaper Acquisitions, Inc. (4322); The Clovis News-Journal (5820); Freedom Newspapers of New Mexico L.L.C. (5360); Gaston Gazette LLP (4885); Lima News (6918); Porterville Recorder Company (7735); Seymour Tribune Company (7550); Victorville Publishing Company (7617); Freedom Newspapers (7766); The Creative Spot, L.L.C. (2420); Freedom Interactive Newspapers, Inc. (9343); Freedom Interactive Newspapers of Texas, Inc. (8187); Freedom Services, Inc. (3125). The address for Freedom Communications Holdings, Inc. and certain other Debtors is 17666 Fitch, Irvine, California 92614.

[2] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and manner of notice thereof; and the Court having reviewed the Motion; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and it appearing that proper and adequate notice of the Motion has been given and that no other or further notice is necessary; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is hereby granted as set forth herein. All objections to the entry of this Order, to the extent not withdrawn or settled, are overruled.

2. Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a claim, as defined in Bankruptcy Code section 101(5), against any of the Debtors (other than a 503(b)(9) Claim) shall file a separate Proof of Claim in the bankruptcy case of each Debtor against whom a claim is asserted; *provided, however*, that the Debtors may agree in writing to permit a claimant to file a Proof of Claim asserting a claim against more than one Debtor if such Proof of Claim clearly identifies the Debtors and the liability of each.

3. Each person or entity, including, without limitation, each individual, partnership, joint venture, corporation, limited liability company, estate, trust or governmental unit, that holds or asserts a 503(b)(9) Claim against any of the Debtors shall file a separate 503(b)(9) Request for Payment in the bankruptcy case of each Debtor against whom a claim is asserted; *provided, however*, that the Debtors may agree in writing to permit a claimant to file a 503(b)(9) Request for Payment asserting a claim against more than one Debtor if such 503(b)(9) Request for Payment clearly identifies the Debtors and the liability of each.

4. Except as otherwise provided herein, any person and entity (excluding any governmental unit), asserting a claim against the Debtors in these chapter 11 cases (other than a 503(b)(9) Claim) shall file a Proof of Claim so that it is received, as provided in paragraphs 9 and 10 below, by Logan & Company, Inc. ("Logan") on or before the General Bar Date to be designated by the Debtors, which shall be no earlier than the first business day that is at least thirty-five (35) days after the Service Date of the Bar Date Notice, at 4:00 p.m. (prevailing Eastern Time). The Service Date shall not precede the filing of schedules of assets, liabilities and contracts and statements of financial affairs by all of the Debtors. The Debtors shall include the designated General Bar Date in the Bar Date Notice and shall file a separate Notice of Designation of General Bar Date making the designated General Bar Date a matter of record. The Debtors may agree, by written stipulation filed with the Court in advance of the General Bar Date, to extend the General Bar Date on behalf of any claimant, but shall not be required to do so.

5. Any person and entity asserting a 503(b)(9) Claim against the Debtors in these chapter 11 shall file a 503(b)(9) Request for Payment so that it is received, as provided in paragraphs 9 and 10 below, by Logan on or before the 503(b)(9) Bar Date to be designated by the Debtors, which shall be no earlier than the first business day that is at least thirty-five (35) days after the Service Date of the 503(b)(9) Bar Date Notice, at 4:00 p.m. (prevailing Eastern Time). The Service Date shall not precede the filing of schedules of assets, liabilities and contracts and statements of financial affairs by all of the Debtors. The Debtors shall include the designated 503(b)(9) Bar Date in the 503(b)(9) Bar Date Notice and shall file a separate Notice of Designation of 503(b)(9) Bar Date making the designated 503(b)(9) Bar Date a matter of record. The Debtors may agree, by written stipulation filed with the Court in advance of the

503(b)(9) Bar Date, to extend the 503(b)(9) Bar Date on behalf of any claimant, but shall not be required to do so.

6. All governmental units (as defined in Bankruptcy Code section 101(27) asserting claims against one or more of the Debtors shall file Proofs of Claim so it is received, as provided in paragraphs 9 and 10 below, by Logan on or before March 1, 2010, at 4:00 p.m. (prevailing Eastern Time).

7. If, on or after the date on which the Debtors serve the Bar Date Notice, the Debtors amend or supplement their Schedules (a) to reduce the undisputed, noncontingent, and liquidated amount of a scheduled claim, (b) to change the nature or characterization of a scheduled claim, or (c) to add a new claim to the Schedules, the affected claimant, if it disagrees with the amendment or supplement and has not previously filed a Proof of Claim with respect to such claim, shall file a Proof of Claim in respect of the amended or new scheduled claim in accordance with the procedures described herein so that it is received, as provided in paragraphs 9 and 10 below, by Logan on or before the later of (x) the General Bar Date or (y) thirty (30) days after the claimant is served with notice of the applicable amendment or supplement to the Schedules.

8. In the event a Debtor rejects executory contracts or unexpired leases pursuant to Bankruptcy Code section 365, Proofs of Claim in connection with Rejection Damages Claims shall be filed so that they are received, as provided in paragraphs 9 and 10 below, by Logan on or before the later of (i) the General Bar Date and (ii) thirty (30) days after the effective date of such Court order; *provided, however*, that the Debtors may seek an earlier filing deadline for any Rejection Damages Claim in any rejection motion, and the Court may order an earlier filing deadline for any Rejection Damages Claim in any rejection order.

9. Proofs of Claim or 503(b)(9) Requests for Payment sent to Logan shall be addressed to: Freedom Communications, Claims Docketing Dept., c/o Logan & Company, Inc., 546 Valley Road, Upper Montclair, New Jersey 07043.

10. Proofs of Claim or 503(b)(9) Requests for Payment mailed or delivered to Logan will be deemed timely filed only if *actually received* by Logan on or before the bar date associated with such claim at the address listed in paragraph 9 above.

11. Logan shall not accept Proofs of Claim or 503(b)(9) Requests for Payment by facsimile, telecopy, e-mail or other electronic submission.

12. The following persons or entities are not required to file Proofs of Claim or 503(b)(9) Requests for Payment:

    a) any person or entity that has already properly filed a Proof of Claim or 503(b)(9) Requests for Payment against the correct Debtor(s) with either Logan or the Clerk of the Court for the United States Bankruptcy Court for the District of Delaware;

    b) any person or entity (i) whose claim is listed in the Debtors' Schedules or any amendments thereto, *and* (ii) whose claim is not described therein as "disputed," "contingent," or "unliquidated," and (iii) who does not dispute the amount or characterization of its claim as set forth in the Schedules (including that the claim is an obligation of the specific Debtor against which the claim is listed in the Schedules); *provided, however*, that if any such properly scheduled claim is a 503(b)(9) Claim, a 503(b)(9) Request for Payment must nevertheless be filed;

    c) professionals retained by the Debtors or the Committee pursuant to orders of this Court who assert administrative claims for fees and expenses subject to the Court's approval pursuant to Bankruptcy Code sections 330, 331, and 503(b);

    d) any person or entity that asserts an administrative expense claim against the Debtors pursuant to Bankruptcy Code section 503(b); *provided, however*, that, any person or entity that has a 503(b)(9) Claim must file a 503(b)(9) Request for Payment on or before the 503(b)(9) Bar Date;

e) current officers and directors of the Debtors who assert claims for indemnification and/or contribution arising as a result of such officers' or directors' prepetition or postpetition services to the Debtors;

f) any Debtor asserting a claim against another Debtor;

g) any wholly-owned non-debtor subsidiary of a Debtor asserting a claim against a Debtor; and

h) any person or entity whose claim against the Debtors has been allowed by an order of the Court, entered on or before the applicable Bar Date.

13. Any Interest Holder, whose interest is based exclusively upon the ownership of common or preferred stock in a corporation, a general or limited partnership interest in a partnership, a membership interest in a limited liability company, warrants, or rights to purchase, sell, or subscribe to such a security or interest (collectively, an "Interest"), need not file a proof of interest on or before the General Bar Date; *provided, however,* that Interest Holders who wish to assert *claims* against the Debtors that arise out of or relate to the ownership or purchase of an Interest, including claims arising out of or relating to the sale, issuance, or distribution of such Interest, must file Proofs of Claim on or before the General Bar Date, unless one of the exceptions contained in paragraph 12 above applies.

14. Unless otherwise agreed by the Debtors in writing, any entity asserting claims against more than one Debtor must file a separate Proof of Claim, or if applicable a 503(b)(9) Request for Payment, with respect to each such Debtor on or before the applicable Bar Date. In addition, any entity filing a Proof of Claim, or if applicable a 503(b)(9) Request for Payment, must identify on its Proof of Claim, or if applicable its 503(b)(9) Request for Payment, the particular Debtor against which its claim is asserted. In the event that a Proof of Claim or 503(b)(9) Request for Payment is filed without identifying the particular Debtor against which the claim is asserted, such claim shall be deemed to have been asserted against Freedom

6

DB02:8827185.1   068715.1001

Communications, Inc.; *provided, however*, that the Debtors shall have the right to seek an order transferring such claim to another Debtor.

15. Notwithstanding any provision of this Order to the contrary, (a) JPMorgan Chase Bank, N.A., as agent (the "Prepetition Agent") under the Credit Agreement, for itself and on behalf of the lenders under the Credit Agreement, is authorized and permitted, but not directed, to file (and amend, if applicable) a single, consolidated proof of claim in the lead case captioned In re Freedom Communications Holdings, Inc., et al., Case No. 09-13046 (BLS), on behalf of itself and the lenders in connection with all claims arising under or in connection with the Credit Agreement; (b) a consolidated proof of claim filed by the Prepetition Agent shall be deemed to be an identical, joint and several proof of claim asserted and filed in the chapter 11 cases of each Debtor by the Prepetition Agent and by each of the lenders under the Credit Agreement; (c) the Prepetition Agent need not state in any consolidated proof of claim it files the amount of the loans under the Credit Agreement owing to individual lenders; and (d) the Prepetition Agent need not attach as exhibits to any consolidated proof of claim it files copies of all documents relevant to such proof of claim; provided that, subject to any applicable confidentiality restrictions, counsel to the Prepetition Agent shall make copies of all such documents available for inspection by any party in interest upon request.

16. Any person or entity that is required to file a timely Proof of Claim in the form and manner specified by this Order, and who fails to do so on or before the Bar Date associated with such claim shall not, with respect to such claim, be treated as a creditor of the Debtors for the purpose of voting on any plan in the chapter 11 cases and shall not receive or be entitled to receive any payment or distribution of property from the Debtors or their successors or assigns with respect to such claim. Any person or entity that is required to file a timely

7

DB02:8827185.1

068715.1001

503(b)(9) Request for Payment in the form and manner specified by this Order and who fails to do so on or before the 503(b)(9) Bar Date shall be forever barred, estopped, and enjoined from asserting the claim as a 503(b)(9) Claim or thereafter filing a 503(b)(9) Request for Payment with respect thereto in these chapter 11 cases.

17. The Bar Date Notice, substantially in the form attached to this Order as Exhibit A, and the Proof of Claim form, substantially in the form attached to this Order as Exhibit C, are hereby approved in all respects.

18. The 503(b)(9) Bar Date Notice, substantially in the form attached to this Order as Exhibit B, and the 503(b)(9) Request for Payment form, substantially in the form attached to this Order as Exhibit D, are hereby approved in all respects. Any request for payment of a 503(b)(9) Claim that does not substantially conform to the 503(b)(9) Request for Payment form (a) must contain the following information: (i) the amount of the claim; (ii) the particular Debtor against which the claim is asserted; (iii) the date of the shipment of the goods the claimant asserts the Debtor received within twenty (20) days before the Petition Date; (iv) the date of delivery of the goods the claimant asserts the Debtor received within twenty (20) days before the Petition Date; (v) the place of delivery of the goods the claimant asserts the Debtor received within twenty (20) days before the Petition Date; (vi) the method of delivery of the goods the claimant asserts the Debtor received within twenty (20) days before the Petition Date; (vii) the name of the carrier of goods the claimant asserts the Debtor received within twenty (20) days before the Petition Date; and (viii) the value of the goods the claimant asserts the Debtor received within the twenty (20) days before the Petition Date; (b) must include or attach documentation identifying: (i) the particular invoice(s) for which any such Section 503(b)(9) Claim is being asserted; and (ii) any demand to reclaim goods sold to the Debtors under

Bankruptcy Code section 546(c); and (c) must contain the certification of the claimant that the goods were sold in the ordinary course of the Debtor's business.

19. The Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors of the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than thirty-five (35) days before the General Bar Date, upon all known persons and entities holding potential claims against the Debtors.

20. The 503(b)(9) Bar Date Notice shall be deemed good, adequate, and sufficient notice of the relief granted by this Order to all known creditors who may be expected to hold 503(b)(9) Claims against the Debtors if it is served, together with the Proof of Claim form, by being deposited in first-class U.S. mail, postage prepaid no later than thirty-five (35) days before the General Bar Date and the 503(b)(9) Bar Date, upon all known persons and entities who may be expected to hold 503(b)(9) Claims against the Debtors.

21. The Debtors shall publish the Publication Notice, substantially in the form attached to this Order as Exhibit E, in The Orange County Register and in the national edition of either The Wall Street Journal, The New York Times, or USA Today at least once no later twenty (20) days prior to the General Bar Date, which Publication Notice is hereby approved in all respects and which shall be deemed good, adequate, and sufficient notice of the General Bar Date by publication. The Orange County Register and in the national edition of either the Wall Street Journal, The New York Times, or USA Today. In addition, the Debtors may, but shall not be required to, place the Publication Notice in their own newspapers as well as in newspapers in areas served by their television stations.

9

22. Nothing in this Order shall prejudice the right of the Debtors or any other party in interest herein to dispute, or to assert offsets or defenses to, any claim reflected in the Schedules as to amount, liability, characterization, or otherwise, and to subsequently designate any claim as disputed, contingent or unliquidated.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

24. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation or enforcement of this Order.

Dated: October 14, 2009
Wilmington, Delaware

_____
Brendan L. Shannon
United States Bankruptcy Judge