# UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br>**Freedom Communications Holdings, Inc., *et al.*,**<br>Debtors. | Chapter 11<br>Case No. 09-13046 (BLS)<br>Jointly Administered |

## NOTICE OF HEARING TO CONSIDER CONFIRMATION OF, AND DEADLINE FOR OBJECTING TO, DEBTORS' JOINT PLAN OF REORGANIZATION

TO:   ALL PARTIES IN INTEREST

PLEASE TAKE NOTICE THAT:

1. On January 22, 2010, the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") entered an order approving the Disclosure Statement with Respect to Joint Plan of Reorganization Under Chapter 11, Title 11, United States Code of Freedom Communications Holdings, Inc., et al., Debtors (the "Disclosure Statement") for use by Freedom Communications Holdings, Inc. and its direct and indirect subsidiaries in the above-captioned case (the "Debtors") in soliciting acceptances or rejections of the Joint Plan of Reorganization Under Chapter 11, Title 11, United States Code of Freedom Communications Holdings, Inc., et al., Debtors (the "Plan") from those holders of impaired claims and interests who are (or may be) entitled to receive distributions under the Plan.

2. The order approving the Disclosure Statement (the "Disclosure Statement Order") also (a) approved the dates, procedures and forms applicable to the process of soliciting votes on and providing notice of the Plan, (b) approved certain vote tabulation procedures, and (c) established the deadline for filing objections to the Plan and scheduled the hearing to consider confirmation of the Plan. This notice was approved pursuant to the Disclosure Statement Order.

3. A hearing to consider confirmation of the Plan will be held on **March 9, 2010, at 10:00 a.m. (Eastern Time)**, before the Honorable Brendan L. Shannon, Judge of the Bankruptcy Court, in the United States Courthouse, at 824 Market Street, Wilmington, Delaware 19801. The confirmation hearing may be adjourned from time to time by announcement in open court without written notice to parties in interest.

4. No later than **March 1, 2010, at 4:00 p.m. (Eastern Time)**, any and all objections to the Plan must be (a) *filed with* the Office of the Clerk of the Bankruptcy Court, 824 Market Street, Wilmington, Delaware 19801, and (b) *received by* (i) Freedom Communications Holdings, Inc., attn: Rachel Sagan, 17666 Fitch, Irvine, California 92614, (ii) Latham & Watkins LLP, attn: Robert A. Klyman, 355 South Grand Ave., Los Angeles, California 90071, (iii) Latham & Watkins LLP, attn: Rosalie Walker Gray, 885 Third Ave, New York, New York 10022, (iv) Young Conaway Stargatt & Taylor, LLP, attn: Michael R. Nestor, 1000 West Street, 17th Floor, Wilmington, Delaware 19801, (v) Cravath, Swaine & Moore LLP, attn: Robert H. Trust, 825 Eighth Ave., New York, New York 10019, (vi) Duane Morris LLP, attn: Richard W. Riley, 1100 North Market Street, Suite 1200, Wilmington, Delaware 19801, (vii) Pachulski Stang Ziehl & Jones, LLP, attn: Robert J. Feinstein, 780 Third Avenue, 36th Floor, New York, New York 10017, (viii) Pachulski Stang Ziehl & Jones, LLP, attn: Bruce Grohsgal, 919 North Market Street, 17th Floor, Wilmington, Delaware 19899, (ix) the Office of the United States Trustee, attn: David L. Buchbinder, J. Caleb Boggs Federal Building, 844 N. King Street, Suite 2207, Lock Box 35, Wilmington, Delaware 19801, and (x) all other parties listed on the 2002 Service List (a copy of which may be obtained from counsel for the Debtors). The objections must be in writing, must state the name and address of the objecting party and the nature of the claim or interest of such party, and must state with particularity the basis and nature of any objection to or proposed modification of the Plan. Objections not timely filed and served in the manner set forth above shall not be considered and shall be deemed overruled.

5. THE PLAN CONTAINS RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS. THE PROVISIONS ARE SET FORTH AT THE END OF THIS NOTICE.

6. The Plan may be further modified, if necessary, pursuant to 11 U.S.C. § 1127, prior to, during, or as a result of the confirmation hearing, without further notice to parties in interest.

7. Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan may be obtained by parties in interest from Logan & Company, Inc.'s webpage at http://www.loganandco.com, or by contacting Logan & Company, Inc. in writing at 546 Valley Road, Upper Montclair, New Jersey 07043, by telephone at (973) 509-3190, or by email at freedom@loganandco.com. Copies of the Disclosure Statement Order, the Disclosure Statement and the Plan are also available for inspection during regular business hours at the Clerk's Office, 824 N. Market Street, 3rd Floor, Wilmington, Delaware 19801, or may be viewed on the Court's website at http://www.deb.uscourts.gov by following the directions for accessing the ECF system on such website.

Dated: January 28, 2010

LATHAM & WATKINS LLP
Robert A. Klyman, Esq.
355 South Grand Avenue
Los Angeles, California 90071-1560
Facsimile: (213) 891-8763

LATHAM & WATKINS LLP
Rosalie Walker Gray, Esq.
Michael J. Riela, Esq.
885 Third Avenue
New York, New York 10022-4834
Facsimile: (212) 751-4864

Co-Counsel for the Debtors and Debtors in Possession

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Michael R. Nestor, Esq.
Kara Hammond Coyle, Esq.
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Facsimile: (302) 571-1253

Co-Counsel for the Debtors and Debtors in Possession

**The names of the Debtors and their respective addresses, case numbers, and federal tax identification numbers (EINs) are set forth in the following chart.**

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| **Freedom Communications Holdings, Inc.** | 17666 Fitch, Irvine, CA 92614 | 09-13046 | 33-0942814 |
| **Freedom Communications, Inc.** | 17666 Fitch, Irvine, CA 92614 | 09-13047 | 95-1140750 |
| **Freedom Broadcasting, Inc.** | 17666 Fitch, Irvine, CA 92614 | 09-13048 | 33-0790025 |
| **Freedom Broadcasting of Florida, Inc.** | 1100 Fairfield Drive, West Palm Beach, FL 33407 | 09-13049 | 33-0686581 |
| **Freedom Broadcasting of Florida Licensee, L.L.C.** | 1100 Fairfield Drive, West Palm Beach, FL 33407 | 09-13050 | 20-0501198 |
| **Freedom Broadcasting of Michigan, Inc.** | 5815 S. Pennsylvania Avenue, Lansing, MI 48911 | 09-13051 | 38-3396110 |
| **Freedom Broadcasting of Michigan Licensee, L.L.C.** | 5815 S. Pennsylvania Avenue, Lansing, MI 48911 | 09-13052 | 20-0501122 |
| **Freedom Broadcasting of New York, Inc.** | 1400 Balltown Road, Schenectady, NY 12309 | 09-13053 | 14-1676522 |
| **Freedom Broadcasting of New York Licensee, L.L.C.** | 1400 Balltown Road, Schenectady, NY 12309 | 09-13054 | 20-0499356 |
| **Freedom Broadcasting of Oregon, Inc.** | 1440 Rossanley Drive, Medford, OR 97501 | 09-13055 | 95-3557291 |
| **Freedom Broadcasting of Oregon Licensee, L.L.C.** | 1440 Rossanley Drive, Medford, OR 97501 | 09-13056 | 20-0499295 |
| **Freedom Broadcasting of Southern New England, Inc.** | 17666 Fitch, Irvine, CA 92614 | 09-13057 | 95-3777274 |
| **Freedom Broadcasting of Southern New England Licensee, L.L.C.** | 17666 Fitch, Irvine, CA 92614 | 09-13058 | 20-0501177 |
| **Freedom Broadcasting of Texas, Inc.** | 2955 I-10 East, Beaumont, TX 77702 | 09-13059 | 95-3872093 |
| **Freedom Broadcasting of Texas Licensee, L.L.C.** | 2955 I-10 East, Beaumont, TX 77702 | 09-13061 | 20-0501147 |
| **Freedom Broadcasting of Tennessee, Inc.** | 4279 Benton Drive, Chattanooga, TN 37406 | 09-13062 | 58-1117961 |
| **Freedom Broadcasting of Tennessee Licensee, L.L.C.** | 4279 Benton Drive, Chattanooga, TN 37406 | 09-13063 | 20-0499430 |

| DEBTOR | ADDRESS | CASE NO. | EIN |
|---|---|---|---|
| **Freedom Magazines, Inc.** | 17666 Fitch, Irvine, CA  92614 | 09-13064 | 33-0570328 |
| **Freedom Metro Information, Inc.** | 17666 Fitch, Irvine, CA  92614 | 09-13065 | 33-0991604 |
| **Freedom Newspapers, Inc.** | 17666 Fitch, Irvine, CA  92614 | 09-13066 | 33-0743240 |
| **Orange County Register Communications, Inc.** | 625 N. Grand Avenue, Santa Ana, CA  92701 | 09-13067 | 33-0867980 |
| **OCR Community Publications, Inc.** | 625 N. Grand Avenue, Santa Ana, CA  92701 | 09-13068 | 33-0879752 |
| **OCR Information Marketing, Inc.** | 625 N. Grand Avenue, Santa Ana, CA  92701 | 09-13069 | 33-0867983 |
| **Appeal-Democrat, Inc**. | 1530 Ellis Lake Drive, Marysville, CA  95901 | 09-13070 | 68-0424121 |
| **Florida Freedom Newspapers, Inc.** | 501 W. 11th Street, Panama City, FL  32401 | 09-13071 | 59-1264227 |
| **Freedom Arizona Information, Inc.** | 120 West First Avenue, Mesa, AZ  85210 | 09-13072 | 33-0915796 |
| **Freedom Colorado Information, Inc.** | 30 South Prospect Street, Colorado Springs, CO  80903 | 09-13073 | 84-1517806 |
| **Freedom Eastern North Carolina Communications, Inc**. | 1300 Gum Branch Road, Jacksonville, NC  28540 | 09-13074 | 56-2185563 |
| **Freedom Newspapers of Illinois, Inc.** | 111 E. Broadway, Alton, IL  62002 | 09-13075 | 37-1402222 |
| **Freedom Newspapers of Southwestern Arizona, Inc.** | 2055 South Arizona Avenue, Yuma, AZ  85364 | 09-13076 | 33-0915797 |
| **Freedom Shelby Star, Inc.** | 315 E. Graham Street, Shelby, NC  28150 | 09-13077 | 56-2018425 |
| **Illinois Freedom Newspapers, Inc.** | 235 W. State Street, Jacksonville, IL  62650 | 09-13078 | 33-0678308 |
| **Missouri Freedom Newspapers, Inc.** | 700 S. Massachusetts Avenue, Sedalia, MO  65301 | 09-13079 | 33-0678310 |
| **Odessa American** | 222 W. Fourth Street, Odessa, TX  79761 | 09-13080 | 75-0757714 |
| **The Times – News Publishing Company** | 707 S. Main Street, Burlington, NC  27215 | 09-13081 | 56-0430230 |
| **Victor Valley Publishing Company** | 13891 Park Avenue, Victorville, CA  92392 | 09-13082 | 95-2406082 |
| **Daily Press** | 13891 Park Avenue, Victorville, CA  92392 | 09-13083 | 95-2093610 |
| **Freedom Newspaper Acquisitions, Inc.** | 17666 Fitch, Irvine, CA  92614 | 09-13084 | 33-0744322 |
| **The Clovis News-Journal** | 521 Pile Street, Clovis, NM  88101 | 09-13085 | 85-0035820 |
| **Freedom Newspapers of New Mexico, L.L.C.** | 521 Pile Street, Clovis, NM  88101 | 09-13086 | 74-2815360 |
| **Gaston Gazette, LLP** | 1893 Remount Road, Gastonia, NC  28054 | 09-13087 | 56-0904885 |
| **Lima News** | 3515 Elida Road, Lima, OH  45807 | 09-13088 | 34-4466918 |
| **Porterville Recorder Company** | 115 E. Oak Avenue, Porterville, CA  93257 | 09-13089 | 95-3317735 |
| **Seymour Tribune Company** | 100 St. Louis Avenue, Seymour, IN  47274 | 09-13090 | 35-1307550 |
| **Victorville Publishing Company** | 13891 Park Avenue, Victorville, CA  92392 | 09-13091 | 33-0047617 |
| **Freedom Newspapers** | 1400 E. Nolana Loop, McAllen, TX  78504 | 09-13092 | 74-1157766 |
| **The Creative Spot, L.L.C.** | 1400 E. Nolana Loop, McAllen, TX  78504 | 09-13093 | 74-2962420 |
| **Freedom Interactive Newspapers, Inc.** | 17666 Fitch, Irvine, CA  92614 | 09-13094 | 33-0859343 |
| **Freedom Interactive Newspapers of Texas, Inc.** | 1400 E. Nolana Loop, McAllen, TX  78504 | 09-13095 | 74-2988187 |
| **Freedom Services, Inc.** | 17666 Fitch, Irvine, CA  92614 | 09-13096 | 33-0873125 |

**RELEASE, INJUNCTION, AND EXCULPATION PROVISIONS CONTAINED IN PLAN**

**11.9** **Releases and Related Matters**

   (a) **Debtor Releases**

**As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, the Debtors, the Reorganized Debtors, and any Person seeking to exercise the rights of the Estates, including the Litigation Trustee on behalf of the Litigation Trust acting in the capacity of a bankruptcy or insolvency trustee or examiner, or a receiver for the Creditors' Committee, and any other successor to the Debtors or any estate representative appointed or selected pursuant to Section 1123(b)(3) of the Bankruptcy Code, whether pursuing a derivative cause of action or otherwise, shall be deemed to forever release, waive, and discharge:**

   (i) **all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action (including claims or causes of action arising under Chapter 5 of the Bankruptcy Code), and liabilities whatsoever, whether liquidated or**

unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereafter arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date in any way relating to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, the Estates, the conduct of the Debtors' business, or the Plan (other than the rights of the Debtors and the Reorganized Debtors to enforce the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), and that may be asserted by or on behalf of the Debtors, the Estates, or the Reorganized Debtors, against (A) any of the other Debtors and any of the Debtors' non-Debtor affiliates, (B) except with respect to the Transferred Causes of Action against the D&O Defendants, the Debtors' current and former directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates, and (C) the Existing Lenders, the Existing Lender Agent, and any of their respective current or former directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates (but solely in their respective capacities as such); *provided, however,* that nothing in this Section 11.9(a) shall be deemed to prohibit the Debtors or the Reorganized Debtors from asserting and enforcing any claims, obligations, suits, judgments, demands, debts, rights, causes of action or liabilities they may have against any of their employees that is based upon an alleged breach of a confidentiality, noncompete, or (as to non-officer employees only) any other contractual or fiduciary obligation owed to the Debtors or the Reorganized Debtors; and *provided further, however*, that nothing in this Section 11.9(a) shall operate as a release of intercompany obligations between any of the Debtors or between any of the Debtors and their non-Debtor subsidiaries unless otherwise provided for in the Plan; and

(ii) all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities arising under (and solely arising under) Chapter 5 of the Bankruptcy Code against any provider of goods or services to the Debtors.

In no event shall any Transferred Cause of Action be subject to the foregoing release, waiver, and discharge.

(b) **Third Party Releases**

As of the Effective Date, for good and valuable consideration, the adequacy of which is hereby confirmed, each holder of any Claim that votes to accept the Plan (each a "**Releasing Party**") shall be deemed to forever release, waive, and discharge all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, against (i) the Debtors' current and former directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates (exclusive of the D&O Defendants) and (ii) the Existing Lenders, the Existing Lender Agent, and any of their respective current or former directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates (but solely in their respective capacities as such) (the Persons identified in clauses (i) and (ii) collectively, the "**Third Party Releasees**"), in connection with or related to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, the Estates, the conduct of the Debtors' business, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date.

Each of the Third Party Releasees shall be deemed to forever release, waive, and discharge any claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, in connection with or related to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, the Estates, the conduct of the Debtors' business, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), taking place on or prior to the Effective Date against each Releasing Party, whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date. For the avoidance of doubt and notwithstanding anything herein to the contrary, any release provided under this Section 11.9(b) by any Existing Lender shall not affect any right, claim, remedy, or cause of action such lender or its affiliates may have related to any equipment leases.

Entry of the Confirmation Order shall constitute the Bankruptcy Court's approval of the Third Party Release, which includes by reference each of the related provisions and definitions contained herein, and further, shall constitute the Bankruptcy Court's finding that the Third Party Release is (i) in exchange for the good and valuable consideration provided by the Third Party Releasees, representing good faith settlement and compromise of the claims released herein; (ii) in the best interests of the Debtors and all holders of Claims and Interests; (iii) fair, equitable, and reasonable; (iv) approved after due notice and opportunity for hearing; and (v) a bar to any of the Releasing Parties asserting any claim released by the Releasing Parties against any of the Third Party Releasees or their respective properties.

(c) **Mutual Agreed Releases**

On the Effective Date, each of the Existing Lenders, the Existing Lender Agent, the financial and legal advisors for the Existing Lenders and the Existing Lender Agent, each member of and Professional retained by the Creditors' Committee, each such member's professionals, the Gonzalez Class Counsel and a class representative for themselves and on behalf of the holders of Gonzalez Litigation Claims, and the Debtors for themselves and on behalf of their current and former directors, officers, and Professionals (exclusive of the D&O Defendants) shall enter into and execute the Mutual Release Agreement, pursuant to which each executing party thereto releases all other executing parties thereto from all claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, and liabilities whatsoever, held by each such executing party against all other executing parties in connection with or related to the Debtors, the Reorganized Debtors, the Chapter 11 Cases, the Estates, or the Plan (other than the rights under the Plan and the contracts, instruments, releases, indentures, and other agreements or documents delivered thereunder), whether liquidated or unliquidated, fixed or contingent, matured or unmatured, known or unknown, foreseen or unforeseen, then existing or thereunder arising, in law, equity, or otherwise, that are based in whole or part on any act, omission, transaction, event, or other occurrence taking place on or prior to the Effective Date.

For the avoidance of doubt and notwithstanding anything herein to the contrary, any release provided under the Mutual Release Agreement by any Existing Lender shall not affect any right, claim, remedy, or cause of action such lender or its affiliates may have related to any equipment leases.

(d) **Waiver of Statutory Limitations on Releases**

**THE LAWS OF SOME STATES (FOR EXAMPLE, CALIFORNIA CIVIL CODE §1542) PROVIDE, IN WORDS OR SUBSTANCE THAT A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS DECISION TO RELEASE. THE RELEASING PARTIES IN EACH OF SECTIONS 11.9(a), (b), AND (c) OF THE PLAN ARE DEEMED TO HAVE WAIVED ANY RIGHTS THEY MAY HAVE UNDER SUCH STATE LAWS AS WELL AS UNDER ANY OTHER STATUTES OR COMMON LAW PRINCIPLES OF SIMILAR EFFECT.**

**11.10 Discharge of the Debtors**

(a) Except as otherwise provided herein or in the Confirmation Order, all consideration distributed under the Plan shall be in exchange for, and in complete satisfaction, settlement, discharge, and release of, all Claims and Interests of any nature whatsoever against the Debtors or any of their assets or properties and, regardless of whether any property shall have been abandoned by order of the Bankruptcy Court, retained, or distributed pursuant to the Plan on account of such Claims; and upon the Effective Date, except as otherwise provided herein or in the Confirmation Order, (i) the Debtors, and each of them, shall be deemed discharged and released under Section 1141(d)(1)(A) of the Bankruptcy Code from any and all Claims, including, but not limited to, demands and liabilities that arose before the Confirmation Date, and all debts of the kind specified in Section 502 of the Bankruptcy Code, whether or not (A) a Proof of Claim based upon such debt is filed or deemed filed under Section 501 of the Bankruptcy Code, (B) a Claim based upon such debt is Allowed under Section 502 of the Bankruptcy Code, or (C) the holder of a Claim based upon such debt accepted the Plan, and (ii) all Interests shall be terminated.

(b) As of the Effective Date, except as provided in the Plan or in the Confirmation Order, all Persons shall be precluded from asserting against the Debtors or the Reorganized Debtors, any other or further Claims, debts, rights, causes of action, liabilities, or Interests relating to the Debtors based upon any act, omission, transaction, or other activity of any nature that occurred prior to the Confirmation Date. In accordance with the foregoing, except as provided in the Plan or the Confirmation Order, the Confirmation Order shall be a judicial determination of discharge of all such Claims and other debts and liabilities against the Debtors and termination of all Interests, pursuant to Sections 524 and 1141 of the Bankruptcy Code, and such discharge shall void any judgment obtained against the Debtors at any time, to the extent that such judgment relates to a discharged Claim or terminated Interest.

(c) The discharge of the Debtors pursuant to the Plan is not intended to limit in any way the Debtors' insurance coverage or to deprive any third party of any rights to such coverage that may otherwise exist.

**11.11 Injunction**

(a) **Except as provided in the Plan or in the Confirmation Order, as of the Effective Date, all Persons that have held, currently hold, may hold, or allege that they hold, a Claim or other debt or liability that is discharged or an Interest or other right of an equity security holder that is terminated pursuant to the terms of the Plan are permanently enjoined from taking any of the following actions against the Debtors, the Reorganized Debtors, and their respective subsidiaries or their property on account of any such discharged Claims, debts, or liabilities or terminated Interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner or in any place any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance in any manner or in any place; or (iv) commencing or continuing any action, in each such case in any manner or in any place or against any Person that does not comply with or is inconsistent with the provisions of the Plan.**

(b) **As of the Effective Date, all Persons that have held, currently hold, or may hold, a claim, obligation, suit, judgment, damage, demand, debt, right, cause of action, or liability that is released pursuant to Section 11.9 of the Plan or is subject to exculpation pursuant to Section 11.12 of the Plan are permanently enjoined from taking any of the following actions on account of such released claims, obligations, suits, judgments, damages, demands, debts, rights, causes of action, or liabilities or terminated Interests or rights: (i) commencing or continuing, in any manner or in any place, any action or other proceeding; (ii) enforcing, attaching, collecting, or recovering in any manner or in any place any judgment, award, decree, or order; (iii) creating, perfecting, or enforcing any Lien or encumbrance in any manner or in any place; or (iv) commencing or continuing any action, in each such case in any manner or in any place or against any Person that does not comply with or is inconsistent with the provisions of the Plan.**

(c) Without limiting the effect of the foregoing upon any person, by accepting distributions pursuant to the Plan, each holder of an Allowed Claim receiving distributions pursuant to the Plan shall be deemed to have specifically consented to the injunctions set forth in this Section 11.11.

**11.12  Exculpation and Limitation of Liability**

(a) **None of (i) the Debtors, (ii) the Reorganized Debtors, (iii) the Existing Lenders, (iv) the Existing Lender Agent, (v) the Creditors' Committee, or (vi) any of the respective current or former members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates of the foregoing (but solely in their respective capacities as such), shall have or incur any liability to any holder of a Claim or an Interest, or any other party in interest, or any of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates, or any of their respective successors or assigns, for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, negotiation, or implementation of the Plan, the solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, gross negligence, or willful misconduct, or willful violation of federal or state securities laws or the Internal Revenue Code (in each case as determined by a Final Order), and in all respects shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities under the Plan.**

(b) **Notwithstanding any other provision of the Plan, no holder of a Claim or an Interest, no other party in interest, none of their respective members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates, and none of their respective successors or assigns, shall have any right of action against (i) any Debtor, (ii) any Reorganized Debtor, (iii) any of the Existing Lenders, (iv) the Existing Lender Agent, (v) the Creditors' Committee, or (vi) any of the respective current or former members, directors, officers, employees, advisors, attorneys, professionals, agents, partners, stockholders, or affiliates of the foregoing (but solely in their respective capacities as such), for any act or omission in connection with, relating to, or arising out of, the Chapter 11 Cases, the formulation, negotiation, or implementation of the Plan, solicitation of acceptances of the Plan, the pursuit of Confirmation of the Plan, the Confirmation of the Plan, the consummation of the Plan, or the administration of the Plan or the property to be distributed under the Plan, except for acts or omissions which are the result of fraud, or willful misconduct or willful violation of federal or state securities laws or the Internal Revenue Code (in each case as determined by a Final Order).**